THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM COMERFORD, Defendant-Appellant.

First District (2nd Division) No. 61251

Opinion filed December 31, 1975.

James R. Streicker, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

William Comerford, defendant, appeals from a trial court judgment revoking his probation and sentencing him to a term of not less than five years nor more than fifteen years in the penitentiary. The issues on appeal are (1) whether the trial court erred in sentencing defendant without first receiving a presentence investigation report; (2) whether the sen-

tence was excessive; and (3) whether defendant should receive credit for the time served on probation.

The record discloses that on November 2, 1973, defendant entered a plea of guilty to the offense of the delivery of a controlled substance, heroin, in violation of section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1401). Neither the State nor defendant presented any evidence at the hearing in aggravation and mitigation and defendant waived his right to a presentence investigation. The trial court placed defendant on two years' probation.

On or about October 24, 1974, the State's attorney filed a petition for violation of probation and an application for a warrant, alleging that defendant violated the terms of his probation in that on September 13, 1974, he was arrested and charged with two counts of burglary.

On November 12, 1974, an evidentiary hearing was held to determine whether there were grounds for revocation of probation. The evidence disclosed that on September 11, 1974, defendant and an accomplice burglarized an apartment at 4744 North Sayre, Harwood Heights, taking a stereo, a TV set, $100 in cash, a camera, a Panasonic reel-to-reel eight-track tape deck, and three rings. Defendant presented no evidence on his behalf. The trial court entered a finding of violation of probation. At the hearing in aggravation and mitigation, the assistant State's attorney cited defendant's prior conviction record which included a one- to fifteen-year sentence on January 10, 1963, for voluntary manslaughter; two years' probation in February 1970, for possession of marijuana; two years' probation in November 1973, for delivery of a controlled substance; and two years' probation on December 15, 1972, for criminal damage to property. In addition, there was the narcotics conviction on which defendant was currently serving probation. In mitigation, the assistant public defender stated that defendant had not been convicted of a serious crime for over eleven years and that most of defendant's convictions were for crimes wherein he was hurting himself more than hurting others. On inquiry by the trial court as to whether there was "anything else," counsel for the defendant stated, "[n]othing further, your Honor." No presentence report was prepared or submitted to the trial court. The trial court sentenced defendant to a term of not less than five years nor more than fifteen years and stated that no credit would be given for the time served on probation.

## I.

Defendant argues that in the absence of a presentence investigation report, the trial court did not have sufficient evidence to impose a fair sentence. Section 5—3—1 of the Unified Code of Corrections (Ill. Rev.

Stat. 1973, ch. 38, par. 1005—3—1) effective January 1, 1973, provides that where a defendant has been convicted of a felony he shall not be sentenced before a written presentence report of investigation is presented to and considered by the court. It is also provided that the defendant may waive the presentence investigation and written report. The Council Commentary in Smith-Hurd Illinois Annotated Statutes notes that this section "[m]akes a presentence report mandatory for sentencing in all felony cases, unless knowingly waived by the defendant." Ill. Ann. Stat. ch. 38, § 1005—3—1, Council Commentary (Smith-Hurd 1973).

Section 5—6—4(h) of the Unified Code of Corrections provides that "[r]esentencing after revocation of probation * * * shall be under Article 4." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h).) Section 5—4—1(a)(2) of article 4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1(a)(2)) states that at the hearing before sentencing, the trial court shall "consider any presentence reports."

■■ In the case at bar, the record fails to disclose that defendant knowingly waived his right to a presentence report. Black's Law Dictionary 1751 (4th ed. rev. 1968) defines "waiver" as "[t]he intentional or voluntary relinquishment of a known right." In *People v. Tompkins* (3rd Dist. 1969), 112 Ill.App.2d 251, 251 N.E.2d 75, the court held that the defendant could not waive a right of which he is unaware and, therefore, he could not waive his right to present evidence favorable to mitigation of sentence where the record does not disclose he was aware of his right to present such evidence. In *People v. Gentry* (1st Dist. 1972), 5 Ill.App. 3d 1088, 1090, 284 N.E.2d 428, this court held "that the trial judge erred in sentencing defendant, after revocation of probation, without hearing evidence in aggravation or mitigation of the offense" because the trial court "did not give defendant the opportunity to waive a hearing which is an essential part of the sentencing process." [1]

■■ Likewise, in the case at bar, unless the presentence report has been expressly waived, section 5—3—1 imposes upon the trial court an affirmative duty to obtain and consider a presentence report before sentencing the defendant. The record fails to indicate that the trial court complied with the provisions of the Unified Code of Corrections or that the defendant knowingly waived "the written presentence report of investigation." We recognize that the trial court conducted an extensive hearing in aggravation and mitigation. But on the other hand the statutory mandate is clear. We therefore hold that the sentence must be vacated and the cause remanded.

---

[1] It should be noted that the *Tompkins* and *Gentry* cases preceded the adoption of the Unified Code of Corrections, and the evidence in aggravation and mitigation was limited.

## II.

■■ Because this matter is being remanded to the trial court for a new sentencing hearing, in our opinion the trial court should give defendant sentence credit to reflect the time served on probation. Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h); *People v. Schreiber* (1st Dist. 1973), 18 Ill. App.3d 410, 304 N.E.2d 686.

## III.

Although the defendant urges that the sentence was excessive, in view of our disposition of this matter, it is unnecessary to discuss this issue. The judgment of conviction of the circuit court of Cook County is affirmed, but the sentence is vacated and the cause is remanded to that court with directions that defendant be granted a new sentencing hearing in accordance with the provisions of the Unified Code of Corrections.

Judgment of conviction affirmed; sentence vacated and cause remanded with directions.

STAMOS and LEIGHTON, JJ., concur.