THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN HANDLON, Defendant-Appellant.

First District (4th Division) No. 60719

Opinion filed July 28, 1976.

James Geis and Lynn Sara Frackman, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Larry L. Thompson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

On October 17, 1973, defendant Norman Handlon entered a plea of guilty to the offenses of aggravated battery and attempt murder. A five-year term of probation was imposed. On April 2, 1974, after a hearing on a rule to show cause why defendant's probation should not be revoked, the trial court entered a finding the conditions of probation had been violated and imposed sentence of 1 to 10 years on the aggravated battery charge and 4 to 20 years on the attempt murder charge. This appeal is from the probation revocation proceedings.

The issues raised on appeal are whether a presentence investigation report must be ordered by the sentencing judge prior to imposing sentence upon the probation revocation when such defendant had previously waived such a report on sentencing after trial and whether the defendant was improperly convicted of two crimes arising from a single act.

On October 17, 1973, defendant entered a plea of guilty to two counts of aggravated battery and one count of attempt murder. Upon acceptance of the plea, defendant was informed he was entitled to the preparation of a presentence investigation report. Defendant opted to waive that right and signed a written waiver.

At the sentencing hearing defendant was informed if he violated the

terms of his probation he would be sentenced to the Illinois State Penitentiary for a term of not less than 10 nor more than 50 years.

On April 16, 1974, a hearing was conducted on a rule to show cause why defendant's probation should not be terminated. After presentation of evidence and arguments of counsel, the court found the defendant guilty of violation of probation and ordered probation be revoked.

After extensive hearings in aggravation and mitigation the court sentenced the defendant to a term of 1 to 10 years on the aggravated battery charges and to a term of 4 to 20 years on the attempt murder count of the indictment, sentences to run concurrently.

The pertinent statutory provisions are sections 5—3—1, 5—6—4(h) and 5—4—1 of the Unified Code of Corrections.

Section 5—3—1 provides:

> "A defendant shall not be sentenced before a written presentence report of investigation is presented to and considered by the court where the defendant is convicted of a felony. The defendant may waive the presentence investigation and written report.
>
> The court may order a presentence investigation of any defendant." Ill. Rev. Stat. 1973, ch. 38, par. 1005—3—1.

Section 5—6—4(h) provides, in pertinent part: "Resentencing after revocation of probation * * * shall be under Article 4." Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h).

Article 4, or section 5—4—1, provides, in pertinent part: "After a determination of guilt, a hearing shall be held to impose the sentence. At the hearing the court shall * * * consider any presentence reports * * * ." Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1.

■■ The language in section 5—4—1, quoted above, is directory in that it instructs the sentencing judge to consider any existing presentence reports or any presentence reports requested by the defendant. This section does not require an investigation and a report of the investigation, as is required after conviction of a felony by section 5—3—1.

■■ Insofar as the statutory requirement of a written presentence report after felony conviction is concerned, we think it is clear from the record the defendant understood he had a right to a presentence investigation report, and he knowingly waived that right, as section 5—3—1 permits him to do. See *People v. Barto* (1976), 63 Ill. 2d 17. No error was committed.

■■ The next question presented is whether the defendant was convicted of two crimes arising from a single act.

Defendant entered pleas of guilty and was convicted for the offenses of aggravated battery and attempt murder. Defendant now asks this court to vacate the aggravated battery conviction.

In his plea at trial, it was stipulated the defendant stabbed the victim four times. There is no record as to how long the incident took, how far apart in terms of time the stabbings were and the defendant's intent at the time of each stabbing.

In the absence of sufficient facts in the record to justify finding the stabbings to be one act, defendant's conviction for aggravated battery is affirmed.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

JOHNSON, P. J., and BURMAN, J., concur.