THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TERRY McCRORY, Defendant-Appellant.

Fourth District   No. 13683

Opinion filed November 24, 1976.

James Geis and Ira Moltz, both of State Appellate Defender's Office, of Chicago, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Terry McCrory was indicted by the Macon County grand jury for the offenses of burglary and theft of property exceeding $150 in value. On June 3, 1975, pursuant to a plea negotiation, defendant entered a plea of guilty to the offense of theft of property exceeding $150 in value. A presentence report was prepared and on June 19, 1975, defendant was placed on 2 years' probation. On October 31, 1975, a report of violation of probation was filed alleging that defendant violated the conditions of his probation by committing the offense of reckless driving, driving without the permission of his probation officer, and being out after curfew. A hearing on the alleged violation of probation was held on December 11, 1975, and the judge found that defendant committed the acts alleged in the report. The judge terminated defendant's probation and sentenced him to 2 to 10 years in the penitentiary.

On appeal, defendant contends that his sentence should be vacated because the court did not order a presentence report prior to resentencing and defendant did not waive such a report. The Unified Code of

Corrections requires that a presentence report be prepared and considered by the court before sentencing in all felony cases unless defendant waives such a report (Ill. Rev. Stat. 1975, ch. 38, par. 1005—3—1). Although a presentence report was prepared before defendant was placed on probation, defendant argues that after probation revocation, a new report should have been prepared before the court imposed a different sentence. Defendant relies on *People v. Comerford* (1975), 35 Ill. App. 3d 287, 341 N.E.2d 131, to support his position. In *Comerford*, defendant waived his right to a presentence investigation after his original conviction and was placed on probation. His probation was subsequently revoked and defendant was sentenced to a term in the penitentiary. On appeal, the court vacated that sentence because no presentence report had been prepared and the record did not show that defendant waived such a report after probation revocation.

In the instant case, however, a presentence report was prepared after defendant's original conviction and the record shows that the judge considered that report before imposing sentence. We do not believe that either *Comerford* or the Unified Code of Corrections requires that a second presentence report was necessary in the instant case. Here, the presentence report was prepared just six months earlier when defendant was placed on probation. The judge who presided at the probation revocation hearing was the same judge who entered the original order for probation. After finding defendant violated probation, the judge offered to set the sentencing hearing for a later date if defendant wished to present any other mitigating evidence but defense counsel stated that defendant wished to proceed with sentencing. The record shows the judge expressly considered the presentence report before imposing sentence. Under these circumstances, a second presentence report was unnecessary. Accordingly, the sentence is affirmed.

Affirmed.

TRAPP, P. J., and CRAVEN, J., concur.