THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES CURTIS, Defendant-Appellant.

Second District   No. 77-299

Opinion filed June 21, 1978.

Mary Robinson, Allen L. Wiederer, and Paul J. Glaser, all of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

On November 1, 1974, under a plea agreement, the defendant pled guilty to theft of property from the person (Ill. Rev. Stat. 1973, ch. 38, par. 16—1). The presentence report was prepared and filed on November 19, 1974. On December 23, 1974, the defendant was sentenced to a period of 4 years probation. On February 10, 1977, the State filed a petition to revoke the defendant's probation, alleging that the defendant committed aggravated battery upon one Alfred Morris, repeatedly striking him in the head with a hammer. Following the presentation of this evidence, the trial court ordered the defendant's probation revoked and sentenced him to 3-9 years imprisonment. However, his attorney requested preparation of an updated presentence report and a sentencing hearing. The trial court directed that execution of the sentence be held in abeyance pending the preparation of the presentence report, which was ordered and the same was filed. The probation officer recommended periodic imprisonment as an alternative to imprisonment in the penitentiary. On March 17, 1977, a sentencing hearing was held by the court. The court reaffirmed the sentence by stating "The Court will not change its mind and will not reverse its position and will not enter any other orders. The order of confinement three to nine years will stand * * *."

In this appeal the defendant contends that the trial court erroneously sentenced him without first obtaining a presentence report and conducting a sentencing hearing. This is contrary to the evidence in this case. The updated presentence report was prepared and was considered by the court at the sentencing hearing on March 17, 1977. At that time the court, notwithstanding the second presentence report, affirmed its

decision to sentence the defendant to 3-9 years in the penitentiary. ■■■ The defendant relies upon *People v. Comerford* (1975), 35 Ill. App. 3d 287, 341 N.E.2d 131. In that case no presentence report was prepared either at the time of the original conviction or at the time of the revocation of probation. The court held that under those circumstances, and under the provisions of section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—3—1), the preparation and consideration of a presentence report was mandatory in felony cases. In *People v. McCrory* (1976), 43 Ill. App. 3d 892, 357 N.E.2d 709, the court considered a case in which a presentence report had been prepared at the time of the original conviction and was considered by the court in placing the defendant on a period of 2 years probation. The defendant in *McCrory* insisted that a second presentence report should have been prepared prior to the revocation of his probation and subsequent sentence. The court in *McCrory* found that *Comerford* did not apply to the situation in which there had been an original presentence report prepared at the time of the original conviction. *McCrory* held that neither *Comerford* nor the Unified Code of Corrections required a second presentence report under the facts of that case. While we feel it is desirable that a presentence report be prepared prior to the sentencing of a defendant upon revocation of probation, we find no authority that the same is mandatory when one was prepared prior to the original sentencing of defendant to probation.

In any event, the record here specifically discloses that a second presentence report was prepared and considered by the same trial judge who placed the defendant on probation in the first instance. The fact that he did not change his mind upon consideration of the second presentence report is not conclusive. The trial judge held the sentence in abeyance until he had considered the second presentence report. The contentions of the defendant herein are not only without merit but contrary to the evidence in the record. We therefore affirm.

Affirm.

WOODWARD and BOYLE, JJ., concur.