THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GILMORE TOMMY DYE, Defendant-Appellant.

Fourth District   No. 4—82—0008

Opinion filed June 24, 1982.

Daniel D. Yuhas and James G. Woodward, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Following his convictions in the circuit court of Macon County for the offenses of home invasion and robbery, defendant, Gilmore Tommy Dye, was sentenced on July 18, 1980, to serve terms of imprisonment of 30 years and 7 years respectively. On April 24, 1981, this court vacated the sentences and remanded the cause for a new sentencing hearing, by order entered pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23). On remand, the circuit court, following a hearing on December 7, 1981, imposed the same sentences that it had set following the original sentencing hearing.

On appeal defendant contends the cause must be remanded for a new sentencing hearing because the presentence report relied upon by the trial court, the same report prepared in connection with the first sentencing hearing, was prepared too remotely in time to include all relevant information and the court failed to order a supplemental report.

Although the preparation and presentation of a presentence report is mandatory under section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1) where, as here the sentencing is for a felony, no cases have held that it is mandatory for a supplemental report to be prepared when a cause is remanded for resentencing. No objection was made at the resentencing hearing to the use of the pre-

sentence report or to the failure of the court to order a supplemental report.

In *People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9, the supreme court held that it is the duty of the parties to bring to the attention of the sentencing authority any alleged deficiency or inaccuracy in the presentence report. There the report failed to comment upon resources within the community which may have been available to assist defendant's rehabilitation. The court stated that while that deficiency was error, it was not preserved for review as any objections to the sufficiency of the presentence report must first be presented to the trial court.

In *People v. Chaney* (1977), 48 Ill. App. 3d 775, 362 N.E.2d 1375, this court held that any objection to the timeliness of presentence reports was waived when the defendants failed to object at the trial level. There defendants contended the reports were outdated as they were prepared at least 17 months before being filed.

By analogy to these cases, we hold here that any deficiencies in the report could have been brought to the attention of the court by defendant, who, by failing to object, has waived his contention that the report was untimely or insufficient.

Accordingly, the sentence of the circuit court is affirmed.

Affirmed.

LONDRIGAN and TRAPP, JJ., concur.