THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND COLEMAN, Defendant-Appellant.

Second District No. 83—399

Opinion filed December 29, 1983.

G. Joseph Weller and John R. Wimmer, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Raymond S. Coleman, Jr., was placed on 24 months' probation by the circuit court of Lake County on April 9, 1982, after he pleaded guilty to the burglary. Defendant's probation was revoked on April 20, 1983, when defendant admitted that he had burglarized the Sub Venture Restaurant on December 25, 1982. Defendant was sentenced to four years' imprisonment.

Before a defendant may be sentenced for any felony, a written presentence investigation report must be presented to and considered by the court. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—1.) This is a mandatory requirement which may not be waived except in the limited situation where the parties have agreed to a specified disposition. *People v. Youngbey* (1980), 82 Ill. 2d 556; see Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—1.

Here, no presentence report was prepared when defendant was first placed on probation. As the probation term and defendant's guilty plea to the original offense were negotiated, and as the presentence investigation and report were waived, it appears that the lack of a presentence report at defendant's original sentencing hearing was pursuant to the statutory exception. See Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—1.

When defendant entered his admission to the burglary which constituted the probation violation, defense counsel, apparently forgetting that no presentence report had been prepared previously, requested that the court order an updated presentence investigation and report. The State joined in this request, and an updated report was

ordered by the trial court. This "updated" report was considered by the trial court in imposing sentence upon defendant after revocation of probation. Defendant now contends that this report was inadequate as it lacks some of the information required by statute to be set forth in a presentence investigation report. Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—2.

Initially, it is not clear whether a presentence report is required before sentencing upon revocation of probation. The authorities are in conflict on this issue. Some cases hold that the report requirement is not applicable in probation revocation proceedings. (*People v. Higgins* (1980), 92 Ill. App. 3d 27, 416 N.E.2d 9; *People v. Martin* (1979), 76 Ill. App. 3d 765, 395 N.E.2d 24; *People v. Handlon* (1976), 40 Ill. App. 3d 959, 353 N.E.2d 278.) These cases rely on the fact that the statute which sets forth the requirement does not expressly include probation revocation proceedings and that the statute governing the procedure in such proceedings does not require a presentence report. Defendant attempts to distinguish this line of reasoning on the basis of a change in the statute since the *Handlon* decision. Previously, the statute required the court to consider a presentence report prior to sentencing "where the defendant is *convicted* of a felony." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 38, par. 1005—3—1.) The current statute provides that the court is to consider the presentence report before sentencing a defendant "for a felony." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—1.) According to defendant, the prior statute could be viewed as referring only to proceedings which resulted in the defendant's conviction, while the current statute would apply in any proceeding, including probation revocation, where the defendant is being sentenced for a felony. While this argument is persuasive, it is notable that the *Handlon* rationale has been adopted in a case decided under the current statute. *People v. Higgins* (1980), 92 Ill. App. 3d 27, 416 N.E.2d 9.

However, other cases have held that a presentence report is required prior to imposing sentence after revocation of probation. (*People v. Comerford* (1975), 35 Ill. App. 3d 287, 341 N.E.2d 131; see *People v. Demma* (1980), 92 Ill. App. 3d 303, 415 N.E.2d 1244.) The courts in these cases also have relied on the express statutory language, but have concluded that this language is mandatory and imposes an affirmative duty on the court to obtain and consider a presentence report prior to any sentencing of the defendant. (*People v. Comerford* (1975), 35 Ill. App. 3d 287, 341 N.E.2d 131; see *People v. Demma* (1980), 92 Ill. App. 3d 303, 415 N.E.2d 1244.) As defendant notes, this line of authority is more consistent with the current statu-

tory scheme.

In deciding whether a presentence report should be required after probation revocation in a given case, an important consideration is whether a report was prepared at the original sentencing hearing. If the court had a presentence report at the time probation was imposed, it is not necessary to prepare a second report before sentencing after probation is revoked; in this situation, the statutory purpose is adequately served by the original report, if it is relatively current and if the defendant is given the opportunity to present any additional information. (*People v. McCrory* (1976), 43 Ill. App. 3d 892, 357 N.E.2d 709; see *People v. Curtis* (1978), 61 Ill. App. 3d 34, 377 N.E.2d 844; compare *People v. Demma* (1980), 92 Ill. App. 3d 303, 415 N.E.2d 1244 (report required where probation was imposed several years earlier); see also *People v. Morton* (1981), 102 Ill. App. 3d 280, 430 N.E.2d 383 (second report not required for resentencing after remand).) Thus, where the defendant has waived a presentence report when probation was initially imposed, as was generally permissible under prior law (Ill. Rev. Stat. 1977, ch. 38, par. 1005—3—1), a presentence report should be required before the defendant is sentenced after a probation revocation. (*People v. Comerford* (1975), 35 Ill. App. 3d 287, 341 N.E.2d 131; see *People v. Demma* (1980), 92 Ill. App. 3d 303, 415 N.E.2d 1244.) Some cases have held to the contrary. (*People v. Martin* (1979), 76 Ill. App. 3d 765, 395 N.E.2d 24; *People v. Handlon* (1976), 40 Ill. App. 3d 959, 353 N.E.2d 278.) However, the *Comerford* rationale appears more persuasive, especially where, as here, no presentence report was prepared for the original sentencing. This district, while not addressing the issue directly, has noted the desirability of a presentence report in such situations. (*People v. Curtis* (1978), 61 Ill. App. 3d 34, 377 N.E.2d 844.) The presentence report is designed to assist the judge in determining an appropriate sentence. (*People v. Youngbey* (1980), 82 Ill. 2d 556.) Where the judge has no such guidance from prior proceedings, such as the original sentencing hearing, it is appropriate to require that the judge be supplied with the information the report provides before imposing sentence after probation revocation. The potential for prejudice is apparent where, as in this case, the sentence imposed is greater than the minimum term permitted by statute. (See Ill. Rev. Stat. 1981, ch. 38, pars. 19—1, 1005—8—1; compare *People v. Martin* (1979), 76 Ill. App. 3d 765, 395 N.E.2d 24.) Given the purpose of the report and the clear policy against waiver embodied in the current statute (see Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—1; *People v. Youngbey* (1980), 82 Ill. 2d 556), the State's theory of a continuing waiver here is unpersuasive.

 ▌ At issue in this case is whether the "updated" report which was presented was inadequate. (See *People v. Gornick* (1982), 107 Ill. App. 3d 505, 437 N.E.2d 892.) A presentence report sets forth various matters, including (1) the defendant's history of delinquency or criminality, physical and mental history and condition, family situation, economic status, education, occupation, and personal habits; (2) information about special resources within the community which might be available to assist the defendant's rehabilitation; (3) the effect the offense has had upon the victim; (4) information concerning the defendant's status since arrest. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—2.) The "updated" report about defendant discussed his performance while on probation, described his family situation and employment briefly, presented information as to defendant's health, and listed several community resources which might assist defendant in rehabilitation. However, the updated report contained no indication of any prior record which defendant may have had. Additionally, the description of the impact on the victim concerned the offense which led to the revocation of defendant's probation rather than the original offense. Therefore, the updated report did not meet the statutory requirement. Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—2; see *People v. Meeks* (1980), 81 Ill. 2d 524; *People v. Casper* (1981), 97 Ill. App. 3d 787, 423 N.E.2d 510.

 ▌ The information omitted from the updated report is important. One of the primary purposes of a presentence report is to apprise the judge of the defendant's prior record (see *People v. Youngbey* (1980), 82 Ill. 2d 556), which is a significant factor to be considered where a more severe sentence is imposed. (See Ill. Rev. Stat. 1981, ch. 38, pars. 1005—5—3.2(a)(3), 1005—5—3.2(b)(1).) Further, where a defendant's probation is revoked, the court is to sentence the defendant for the original offense and not for the conduct which constituted the violation of probation. (*People v. Brogan* (1979), 76 Ill. App. 3d 957, 395 N.E.2d 408; *People v. Koppen* (1975), 29 Ill. App. 3d 29, 329 N.E.2d 421.) Although the defendant's conduct on probation may be considered in assessing his or her rehabilitation potential (*People v. Brogan* (1979), 76 Ill. App. 3d 957, 395 N.E.2d 408), it is erroneous for the court to commingle consideration of the circumstances of the underlying offense with the events leading to the revocation itself. (*People v. Maretti* (1978), 61 Ill. App. 3d 762, 378 N.E.2d 342.) Thus, a proper victim-impact analysis would have described the impact on the victim of the North Chicago Standard service station burglary, the underlying offense, rather than the Sub Venture Restaurant burglary, the offense which led to revocation of defendant's pro-

bation.

We conclude that the trial court's failure to consider a presentence report and its consideration only of an "update" of a presentence report was plain error. (87 Ill. 2d R. 615.) This was not a case, as in *Meeks*, where the presentence report was merely insufficient for failing to set out sentencing alternatives and the error was waived by failing to first present it to the trial court. (*People v. Meeks* (1980), 81 Ill. 2d 524, 533.) We cannot say as did the court in *Meeks* that the requirement that the trial judge consider the presentence report was complied with where here, there was no presentence report which could be considered.

The judgment of the circuit court of Lake County is reversed and the cause remanded for resentencing upon consideration of a presentence report.

Reversed and remanded.

SEIDENFELD, P.J., and NASH, J., concur.