THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ARMANDO TORRES, Defendant-Appellant.

First District (4th Division)   No. 85—1059

Opinion filed July 10, 1986.

James J. Doherty, Public Defender, of Chicago (James N. Perlman, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Kenneth T. McCurry, and Jonathan S. Solovy, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LINN delivered the opinion of the court:

Defendant was charged with murder, armed violence and concealment of a homicidal death in connection with the shooting death of Antonio Olmos on September 26, 1983. Following a bench trial in the circuit court of Cook County, he was found guilty as charged, but sen-

tenced solely on the two murder counts (Ill. Rev. Stat. 1983, ch. 38, pars. 9—1(a)(1), (a)(2)) to a determinate sentence of 40 years' imprisonment; the court also directed that this term be served consecutively to the 30-year term already imposed on defendant's prior conviction for attempted murder.[1] In this appeal defendant raises three issues relating to the propriety of the murder sentence.

BACKGROUND

The evidence adduced at trial shows that about 8 p.m. on September 26, 1983, deceased came to the apartment which defendant shared with two other persons and requested money for something to eat. Defendant gave him some cash, then told deceased that he liked his jacket and demanded that he hand it over to him. Deceased responded that he could not give him the jacket because it belonged to someone else, then went out and bought food and drink which he brought back to the apartment for himself, defendant and Aurelio Porrez.

During the course of their repast defendant went into the bedroom and brought out a gun which he showed to deceased. When deceased handed it back to him, defendant put three bullets in the chamber, demanded the jacket again and threatened to kill him. Deceased did not part with the jacket, and defendant pointed the gun to his head and fired. The autopsy performed on the deceased showed that he died from a gunshot wound to the left side of his head.

Porrez testified that he saw the smoking gun in defendant's hand, ascertained that deceased was dead, then left the apartment to speak with his brother. When he returned he helped defendant wrap the body in a blanket, and remained in the apartment that night. On the following morning the police forcibly entered the apartment, found the body and the gun, then arrested Porrez and defendant. Porrez was charged with theft and concealment of a homicidal death, but the State agreed to drop these charges in exchange for Porrez' testimony in the instant case.

No testimonial evidence was offered by the defense, and after closing arguments were heard, the court found defendant guilty as charged. Defense counsel's oral motion for a new trial was denied, and counsel inquired about the possibility of proceeding to sentencing at that time. The court asked if it would be necessary to order an updated presentence investigation report and specifically noted that defendant had been incarcerated since 1983. Counsel responded that

---

[1]The judgment in this case was affirmed on direct appeal in an unpublished Rule 23 order (*People v. Torres* (1985), 137 Ill. App. 3d 1156).

he did not see any need for an updated report, and informed the court that he had spoken with defendant and his family prior to the day's proceedings and ascertained that nothing had changed since the last time.

This reference to the "last time" apparently pertains to the sentencing hearing which was conducted approximately six weeks before on March 1, 1985, after defendant was convicted of attempted murder and other lesser crimes. The record shows that the charges set forth in that case arose from a separate shooting incident which took place about six hours before the incident giving rise to the charges in the instant case, wherein the victim lost his sight. The sentencing hearing in the prior case was conducted by the same trial judge who presided in the case at bar, and the record shows that a presentence investigation report was prepared in conjunction with it.

At the sentencing phase of the proceedings in the case under consideration, the State asserted that defendant was a violent person, as evidenced by these two shootings, and argued that society needed to be protected from him. The State then recommended that defendant be sentenced to an extended term of imprisonment, and urged the court to direct that the sentence be served consecutively to the term imposed on defendant's attempted-murder conviction.

In mitigation, defense counsel informed the court that defendant was 30 years of age and had arrived in this country from El Salvador just a few months before these incidents occurred, and counsel pointed out that the victims were his partners in crime. Counsel did not attempt to excuse defendant's conduct, but argued that it was not the type of conduct which shocked "the consciousness," then informed the court of defendant's remorse over the incident as well as his expressions of religious conviction, and asked the court to consider a reasonable sentence.

Before announcing its decision, the court alluded to the facts involved in defendant's prior conviction of attempted murder, then addressed the situation in the instant case where defendant had killed a man over a jacket and demonstrated once again the worthlessness he attached to a human life. The court determined that a substantial sentence was necessary to deter others from committing this type of crime and to protect the public, and then sentenced defendant to a term of 40 years' imprisonment. Because of the court's view that it was necessary to protect society from any further criminal conduct on the part of defendant, the court directed that this sentence run consecutively with the term imposed on defendant's prior conviction for attempted murder.

Defendant now appeals from this judgment, contending first that the sentence must be vacated because no presentence report was ordered in the case. In support of that position defendant points out that although a presentence investigation report had been prepared about six weeks earlier for an entirely different incident, none was specifically prepared for this case. Defendant contends that because the court failed to order and consider a proper report in the instant case, and because there is no evidence in the record to indicate that the trial court actually considered the prior report, his sentence must be vacated. The State responds that the statutory right to a presentence investigation report had been fulfilled by the trial court's consideration of the report prepared about six weeks earlier; and, further, that defendant waived the right to an updated presentence report and has failed to show how he was prejudiced by the absence of a new report.

OPINION

■ Section 5—3—1 of the Unified Code of Corrections provides that a defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—3—1.) The supreme court has held that this requirement is mandatory and cannot be waived except in accordance with the exception set forth in the statute regarding sentencing agreements. (*People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416.) Defendant asserts that in enacting this provision the legislature intended that each prosecution have a separate presentence report, and that it did not envision that a presentence report prepared for a previous prosecution would be used in a subsequent one, as occurred here.

After reviewing this issue in the context of the entire case, we find that a remand for a new sentencing hearing on the basis proffered by defendant would promote form over substance without giving him any further protection against an arbitrary decision. (*Cf. People v. Ferguson* (1981), 99 Ill. App. 3d 779, 425 N.E.2d 582.) We also find defendant's interpretation of the statutory presentence-report requirement too narrow.

In *Youngbey*, the supreme court noted that the purpose of the presentence investigation report is to ensure that the trial judge has all the necessary information concerning defendant before sentencing is imposed. (*People v. Youngbey* (1980), 82 Ill. 2d 556, 564, 413 N.E.2d 416.) Our review indicates that this objective was reached in the instant case.

The record shows that a presentence investigation report was prepared on February 27, 1985, in connection with defendant's attempted-murder conviction and was filed in the court on March 1, 1985. As noted above, the same trial judge presided at that proceeding, and defendant alleged no error arising from the sentencing hearing in his direct appeal from the judgment entered. Moreover, the sentencing hearing in the instant case proceeded immediately after the trial at the suggestion of defense counsel, who also informed the court that an updated report was unnecessary because no changes had occurred since the last hearing approximately six weeks before. Counsel then made a compelling argument in mitigation in which he set forth defendant's present status and disposition, as well as his personal and criminal history. Defendant was provided an opportunity to address the court on his own behalf, but declined the invitation; and, following that, the trial judge addressed defendant in a manner indicating his familiarity with defendant, his current situation and his history.

■ Under these circumstances where defense counsel not only failed to raise any objections to the timeliness of the existing report (see *People v. Burba* (1985), 134 Ill. App. 3d 228, 479 N.E.2d 936), but explicitly stated that he felt there was no need to prepare an updated report because nothing had changed, thereby indicating his approval of the report as written, we do not believe defendant can properly assert on appeal that the use of the prior report was erroneous (see *People v. Moore* (1983), 115 Ill. App. 3d 266, 450 N.E.2d 855; see also *People v. Gornick* (1982), 107 Ill. App. 3d 505, 437 N.E.2d 892). Further, we find support for this conclusion in the record which demonstrates the court's familiarity with defendant and his status arising from the recent prior proceedings (see discussion in *People v. Coleman* (1983), 120 Ill. App. 3d 619, 458 N.E.2d 634, *aff'd People v. Harris* (1985), 105 Ill. 2d 290, 473 N.E.2d 1291 (sentencing after violation of probation)), and reveals that defendant turned down the opportunity to update the report and provide further mitigating evidence through his own remarks (see *People v. McCrory* (1976), 43 Ill. App. 3d 892, 357 N.E.2d 709), and did not allege any deficiencies or inaccuracies in the prior report (*People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9). For these reasons we conclude that the statutory requirement pertaining to the preparation and consideration of a presentence investigation report prior to sentencing was met, and that the court did not err in failing to order that a new report be prepared specifically in conjunction with this case.

■ ■ We also find without merit defendant's related argument

that the court failed to consider the prior presentence report since no reference was made to it nor to the factors in mitigation contained therein. It is well settled that a trial court is not required to set forth on the record the process it uses in reaching its determination of a proper sentence (*People v. Burba* (1985), 134 Ill. App. 3d 228, 479 N.E.2d 936), or note for the record every factor that was considered (*People v. Plantinga* (1985), 132 Ill. App. 3d 512, 477 N.E.2d 1299). Moreover, where evidence is offered in mitigation, the sentencing judge will be presumed to have considered it unless there is some statement in the record aside from the sentence imposed that would tend to indicate otherwise. *People v. Plantinga* (1985), 132 Ill. App. 3d 512, 477 N.E.2d 1299.

▆ In the instant case defense counsel set forth many mitigating factors and specifically highlighted defendant's age, his remorse and the circumstances involved in both crimes. The remarks of the court, taken as a whole, indicate to us that the court was cognizant of these factors, as well as the impact of the offenses on defendant's victims, and that the matters contained in the report were considered. (See *People v. Burba* (1985), 134 Ill. App. 3d 228, 479 N.E.2d 936.) We find nothing to suggest that the mitigating factors were ignored (see *People v. Plantinga* (1985), 132 Ill. App. 3d 512, 477 N.E.2d 1299; *People v. Burba* (1985), 134 Ill. App. 3d 228, 479 N.E.2d 936); and, on this record, reject defendant's contention that the court neither followed the letter nor the spirit of the sentencing statute. Accordingly, we find no basis for remandment.

▆ ▆ Defendant next contends that the imposition of a consecutive sentence constituted an abuse of the court's sentencing discretion. In support of this contention defendant asserts that the court did not give sufficient attention to the factors in mitigation contained in the presentence report nor to the objective of rehabilitation.

We observe initially that it is generally within the discretion of the trial court to determine whether or not multiple terms of imprisonment are to be served consecutively or concurrently. (*People v. Peebles* (1984), 125 Ill. App. 3d 213, 465 N.E.2d 539.) A consecutive sentence may be imposed if the nature and circumstances of the sentence and the history and character of the defendant warrant such a sentence to protect the public from further criminal conduct on his part. Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—4(b); *People v. Sievers* (1978), 56 Ill. App. 3d 880, 372 N.E.2d 705.

Before announcing sentence in the instant case the trial court addressed the factors involved in defendant's prior conviction for attempted murder remarking that the victim lost his sight because of

the violence perpetrated on him by defendant for no compelling reason. The court also addressed the situation in the case at bar where a man was killed because he would not surrender a jacket he did not even own. By this act the court stated that defendant had demonstrated once again the "utter worthlessness" which he attached to a person's life; and observed that although defendant did not have a prior history of serious criminal conduct up to that point, the two shootings which occurred in such a short period of time demonstrated that he is in effect a "one-man crime wave." The court noted that defendant was a fairly young man, but found that a substantial sentence was necessary to deter others from committing this type of offense, and that in order to protect the public it was necessary to remove him from society for a substantial period of time. Because of the need to protect the public from further criminal conduct on defendant's part, the court directed that he serve the term imposed on the murder conviction consecutively to that imposed on the conviction for attempted murder.

■ In our view, the record demonstrates that the court satisfactorily complied with the statutory and constitutional requirements attendant to the sentencing process. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344; see also *People v. Hicks* (1984), 101 Ill. 2d 366, 462 N.E.2d 473.) Although the court focused mainly on the seriousness of the crime and the necessity of protecting the public from any further violence perpetrated by defendant, the record does not indicate to us that the trial court ignored the mitigating factors presented for its consideration or the factor of rehabilitation. (*People v. Bergman* (1984), 121 Ill. App. 3d 100, 458 N.E.2d 1370.) The record shows that the court specifically considered defendant's age, commented that his prior criminal record had not been serious up to that point, and was apprised of defendant's expressions of religious conviction and remorse. We note, however, that neither defendant nor his counsel referred to defendant's alleged substance abuse as a causative factor for his behavior and thus assume that it was no longer of import; and we further find that defendant's two-month employment in a restaurant constituted a minimal employment history which would not alter the disposition. We also agree with the State that defendant's request for a certain prison assignment was self-serving rather than an indication of his desire for rehabilitation.

Moreover, the requirement that all penalties be determined with the objective of restoring the offender to useful citizenship does not have to be given greater consideration than the constitutional requirement that penalties be determined according to the seriousness of the

offense (*People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 301 N.E.2d 300); and here it is apparent that the trial court found it paramount that defendant's two acts of shooting in a short period of time had such tragic results and were indicative of defendant's utter disregard for the life of another person (see *People v. Logan* (1983), 117 Ill. App. 3d 753, 453 N.E.2d 1317; *People v. Miller* (1981), 101 Ill. App. 3d 1029, 428 N.E.2d 1038). Because the trial court is ordinarily in the best position to assess the myriad factors which enter into the sentencing decision, its determination is entitled to great deference and weight, and absent an abuse of that discretion by the trial court the sentence imposed may not be altered on review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) After thoroughly reviewing the record, we find no abuse of discretion in the instant case, but rather ample support for the trial court's sentencing determination.

■ Defendant lastly contends that he was incorrectly sentenced for two murder charges arising out of the same act. The State responds that the 40-year sentence on the two murder counts was proper because it covered both counts rather than constituting two separate and multiple prison sentences for the same act. We disagree.

Defendant was charged by indictment with two counts of murder under subsections (a)(1) and (a)(2) (Ill. Rev. Stat. 1983, ch. 38, pars. 9—1(a)(1), and (a)(2)), and it is obvious that both charges stemmed from a single shooting and death. The court, however, found defendant guilty of two counts of murder, then sentenced him to a single term of 40 years' imprisonment.

Citing the principle announced in *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, our supreme court recently affirmed its previously stated position that although there is evidence in a murder prosecution to support a conviction on more than one charge, where there is only one victim, there can be but one murder conviction. (*People v. Mack* (1984), 105 Ill. 2d 103, 473 N.E.2d 880.) In addition, when multiple convictions have been entered for offenses arising out of the same act, the rule is that sentence is to be imposed on the most serious offense. 105 Ill. 2d 103, 473 N.E.2d 880.

■ Here, the murder convictions, as charged, were equally serious offenses, however, a more culpable mental state is required for conviction of "intentional" murder as set forth in subsection (a)(1). (*People v. Martin* (1983), 112 Ill. App. 3d 486, 445 N.E.2d 795.) Accordingly, we affirm defendant's conviction for that offense and vacate the murder charge set forth in count II under subsection (a)(2).

In sum, we affirm the judgment for murder entered on count I of the indictment, and vacate the conviction for murder as charged in

count II. We further direct that the mittimus be corrected to reflect this modification. (*People v. Dowd* (1981), 101 Ill. App. 3d 830, 428 N.E.2d 894.) As modified, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.