THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANTONIO T. BRADY, Defendant-Appellant.

Fourth District   No. 4—87—0855

Opinion filed July 28, 1988.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, of State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and William P. Ryan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

In April 1987 defendant pleaded guilty to the offense of driving while his driver's license was revoked, having previously been convicted in May 1986 of driving while license revoked, with the prior conviction for leaving the scene of a personal injury accident, a Class 4 felony. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303(d).) On May 13, 1987, he was sentenced to a term of one year of probation. Thereafter, a report of probation violation was filed, alleging that on or about May 30, 1987, defendant committed the offense of driving a motor vehicle while license revoked with a prior driving while license revoked conviction. After hearing in October 1987, the court found the State had proved this violation of probation by a preponderance of the evidence and, on October 30, 1987, defendant was sentenced to a term of 18 months' imprisonment, with credit for time served in jail but no credit for time served on probation. Upon motion of the State's Attorney for reimbursement of the county for court-appointed counsel (Ill. Rev. Stat. 1987, ch. 38, par. 113—3.1), the court found defendant had the ability to pay, as demonstrated by cash bond posted, and ordered reimbursement in the sum of $45. Defendant appeals from the judgment of the circuit court of Macon County, arguing (1) the trial court erred in failing to order an updated presentence investigation report prior to sentencing after defendant's revocation of probation; and (2) the court abused its discretion in ordering reimbursement to Macon County for the services of court-appointed counsel from monies deposited for his bail.

With respect to his first argument, defendant relies on section 5—3—1 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—3—1) and on the supreme court's decision in *People v. Harris* (1985), 105 Ill. 2d 290, 473 N.E.2d 1291.

■■ Section 5—3—1 of the Code provides: "A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—3—1.) This section was considered in *People v. McCrory* (1976), 43 Ill. App. 3d 892, 357 N.E.2d 709. In *McCrory*, as here, the defendant argued his sentence should be vacated because the trial court did not order a second, or "updated," presentence report prior to resentencing after finding a probation violation and terminating probation. This court disagreed, reasoning:

> "In the instant case, however, a presentence report was prepared after defendant's original conviction and the record shows that the judge considered that report before imposing sentence. We do not believe that either [*People v. Comerford* (1975), 35 Ill. App. 3d 287, 341 N.E.2d 131,] or the Unified Code of Corrections requires that a second presentence report was necessary in the instant case. Here, the presentence report was prepared just six months earlier when defendant was placed on probation. The judge who presided at the probation revocation hearing was the same judge who entered the original order for probation. After finding defendant violated probation, the judge offered to set the sentencing hearing for a later date if defendant wished to present any other mitigating evidence but defense counsel stated that defendant wished to proceed with sentencing. The record shows the judge expressly considered the presentence report before imposing sentence. Under these circumstances, a second presentence report was unnecessary." *McCrory*, 43 Ill. App. 3d at 893, 357 N.E.2d at 710.

See also *People v. Chaney* (1977), 48 Ill. App. 3d 775, 362 N.E.2d 1375, *appeal denied* (1977), 66 Ill. 2d 632 (wherein defendants contended they were improperly sentenced since the court had insufficient information upon which to base sentence and the reports were outdated—reports on two defendants were prepared at least 17 months before being filed in the cause and the report on the third defendant was prepared three years and three months earlier—held, any objection to timeliness of reports was waived when defendants failed to object at trial level). But see *People v. Demma* (1980), 92 Ill. App. 3d 303, 415 N.E.2d 1244 (wherein the original presentence re-

port was prepared based on the defendant's December 1974 guilty plea to felony theft and burglary and he was placed on five years' probation. A hearing on probation violations was conducted in December 1978 and probation was revoked. Prior to sentencing, defendant purported to waive his right to a presentence report. Upon considering section 5—3—1 of the Code, as amended (see Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1) (eliminating language permitting waiver except in the case of an agreed sentence), the *Demma* court vacated the sentences and remanded for resentencing where "no such [presentence] reports were prepared prior to the sentencing of the defendant." 92 Ill. App. 3d at 308, 415 N.E.2d at 1248).

In *People v. Coleman* (1983), 120 Ill. App. 3d 619, 623, 458 N.E.2d 634, 636, the court stated:

"In deciding whether a presentence report should be required after probation revocation in a given case, an important consideration is whether a report was prepared at the original sentencing hearing. If the court had a presentence report at the time probation was imposed, it is not necessary to prepare a second report before sentencing after probation is revoked; in this situation, the statutory purpose is adequately served by the original report, if it is relatively current and if the defendant is given the opportunity to present any additional information. (*People v. McCrory* (1976), 43 Ill. App. 3d 892, 357 N.E.2d 709; see *People v. Curtis* (1978), 61 Ill. App. 3d 34, 377 N.E.2d 844; compare *People v. Demma* (1980), 92 Ill. App. 3d 303, 415 N.E.2d 1244 (report required where probation was imposed several years earlier); see also *People v. Morton* (1981), 102 Ill. App. 3d 280, 430 N.E.2d 383 (second report not required for resentencing after remand).) Thus, where the defendant has waived a presentence report when probation was initially imposed, as was generally permissible under prior law (Ill. Rev. Stat. 1977, ch. 38, par. 1005—3—1), a presentence report should be required before the defendant is sentenced after a probation revocation. (*People v. Comerford* (1975), 35 Ill. App. 3d 287, 341 N.E.2d 131; see *People v. Demma* (1980), 92 Ill. App. 3d 303, 415 N.E.2d 1244.) \*\*\* This district, while not addressing the issue directly, has noted the desirability of a presentence report in such situations. (*People v. Curtis* (1978), 61 Ill. App. 3d 34, 377 N.E.2d 844.) The presentence report is designed to assist the judge in determining an appropriate sentence. (*People v. Youngbey* (1980), 82 Ill. 2d 556.) Where the judge has no such guidance from prior proceedings, such as the

original sentencing hearing, it is appropriate to require that the judge be supplied with the information the report provides before imposing sentence after probation revocation. The potential for prejudice is apparent where, as in this case, the sentence imposed is greater than the minimum term permitted by statute. (See Ill. Rev. Stat. 1981, ch. 38, pars. 19—1, 1005—8—1; compare *People v. Martin* (1979), 76 Ill. App. 3d 765, 395 N.E.2d 24.)" *Coleman*, 120 Ill. App. 3d at 623, 458 N.E.2d at 636.

Defendant maintains the supreme court established a *per se* rule in *Harris* which was violated by the trial court here and can only be cured by reversing the sentence and remanding for resentencing. In *Harris*, the court considered section 5—3—1 in the context of sentencing after revocation of probation:

"[W]hen the defendant is placed on probation, section 5—3—1 requires a report prior to resentencing unless there is an agreed-upon sentence in the probation-revocation proceeding. Since no agreement was reached between the parties as to the specific sentence which was to be imposed following the revocation of defendants' probation, presentence reports should have been ordered by the respective courts. ***

Nonetheless, the State urges this court to affirm the sentences which were imposed by finding that the defendants have waived their right to protest the absence of a presentence report. Although neither defendant objected to the trial courts' sentencing procedures during the probation-revocation proceedings, we cannot say that this issue has been waived. In *Youngbey*, this court held 'that the presentence investigation and report *** cannot be waived except in accordance with the exception in the statute.' (*People v. Youngbey* (1980), 82 Ill. 2d 556, 561.) In that case the defendant had expressly waived a presentence investigation report. However, since no specific sentence had been agreed to by the parties, the court found 'that the language of section 5—3—1, requiring a presentence investigation report, not only is mandatory, but also cannot be waived.' (82 Ill. 2d 556, 564.) Certainly, if an express waiver is invalid absent an agreed-upon sentence, waiver cannot be inferred from the defendants' failure to object in the cases at bar.

Additionally, we find the State's reliance on *Meeks* to be misplaced. In *Meeks*, the court did consider a presentence report before imposing sentence on the defendant. (81 Ill. 2d 524, 533.) That report, however, did not fully comply with the re-

quirements of section 5—3—2(a)(2) of the Code, as it failed to include information relating to resources available in the community to assist in rehabilitation. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—2(a)(2).) In the cases presently under review, no presentence report concerning defendant Harris was ever considered, and the so-called 'updated' report concerning defendant Coleman was totally inadequate. Thus *Meeks* is readily distinguishable.

Finally, the State argues that a presentence report should not be required where the record demonstrates substantial compliance with the statute. According to the State, review of the record, in both cases, establishes that the trial courts were aware of all information necessary to the imposition of informed sentences. Adoption of such a rule, however, would invite appeals and require an examination of the record on each case. Moreover, such a rule would conflict with the express language of the statute, which requires a *written* presentence report. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—1.) This requirement not only serves to supplement the information offered by the parties in aggravation and mitigation, but also it serves to verify that information for the court. In consideration of the statute's mandatory nature, we believe that a *per se* rule, requiring a written report, is preferable to deciding each case on an *ad hoc* basis." *Harris*, 105 Ill. 2d at 301-03, 473 N.E.2d at 1296-97.

Compare *People v. Comerford* (1975), 35 Ill. App. 3d 287, 341 N.E.2d 131 (wherein the defendant's situation was comparable to that of defendant Harris).

The State argues *Harris* is distinguishable because (1) no presentence report had been prepared for either defendant before he was placed on probation; and (2) no report was filed for defendant Harris before he was sentenced after revocation of probation and only an inadequate "updated" report was filed with respect to defendant Coleman.

■ We agree. Where the trial court had a written presentence report before it when a defendant was originally placed on probation, the absence of an "updated" report does not of itself require reversal of the sentence imposed on revocation of probation. In such a case, *McCrory* is controlling and its rationale applies. The First District Appellate Court has followed this view, distinguishing the circumstances of the defendants in *Harris* (see *People v. Torres* (1986), 146 Ill. App. 3d 250, 255, 496 N.E.2d 1060, 1063 (presentence investiga-

tion report prepared *six weeks earlier* in connection with another conviction was considered by trial court at suggestion of defendant's counsel, who also informed the court that an updated report was unnecessary because no changes had occurred since the last hearing about six weeks before); *People v. Adams* (1987), 156 Ill. App. 3d 444, 452, 509 N.E.2d 482, 488 (presentence investigation report relied on by trial court at sentencing was only *four months old* and defense counsel exercised his judgment in waiving an updated report where there was no new information available which would have aided the judge in sentencing)); as has the Fifth District Appellate Court (see *People v. Walker* (1987), 164 Ill. App. 3d 133, 136-38, 517 N.E.2d 679, 680-82 (wherein trial court considered a written presentence investigation report when defendant Walker was originally placed on probation, and an update of the presentence report when his probation was revoked on another offense; held, an additional presentence report only three months later was not necessary where the trial court considered a presentence investigation report and that report, or an update thereof, was relatively current and defendant was given an opportunity to present any additional information)).

■ Further, and consistent with the *McCrory* rationale, supplemental presentence reports have not been required in cases of resentencing after remand under section 5—5—4 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—4). In *Morton*, the Third District Appellate Court affirmed the sentence imposed on remand where a presentence report was presented to the judge at the time the defendant was originally sentenced and the second hearing occurred only 11 months later. In *People v. Dye* (1982), 107 Ill. App. 3d 125, 438 N.E.2d 211, this court held a supplemental report was not required for resentencing after remand. There, the defendant, originally sentenced in July 1980, was resentenced after remand in December 1981. In *People v. Moore* (1987), 159 Ill. App. 3d 1070, 1075-76, 513 N.E.2d 87, 91, where the transcript was devoid of defense counsel's objection to the use of the original presentence report (in lieu of a new one for resentencing after remand), the First District Appellate Court held that, absent an objection or request for a supplemental report, defendant waived any argument as to the lack of sufficiently current information in the report.

■ Here, a presentence report filed May 9, 1987, was considered by the court in sentencing defendant on revocation of probation on October 30, 1987, about six months later. Defendant has not alleged any deficiencies or inaccuracies in the prior report and he was afforded an opportunity to update the report and provide further miti-

gating evidence as well as his own remarks. There is no suggestion there was any new information available which would have aided the judge in sentencing. Accordingly, we find this court's decision in *McCrory* controlling and hold no error occurred.

■ Defendant next argues the court abused its discretion in ordering the application of his bail bond deposit to reimburse the county for the costs of court-appointed counsel, $45. He maintains the evidence showed he lacked foreseeable ability to meet the obligation and, further, the court failed to consider the source of the bond money.

The State argues the defendant has waived this issue, since he was present when the motion for reimbursement was raised at the conclusion of the sentencing hearing, but failed to put on evidence with respect to such matters as his financial ability to repay the cost of defense. This court has declined to apply the waiver rule to defects in proceedings for reimbursement under section 113—3.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 113—3.1). See *People v. Reynolds* (1987), 152 Ill. App. 3d 216, 219, 504 N.E.2d 163, 165.

A review of the record shows the court found the defendant's ability to pay was only demonstrated by the bond posted. The court noted defendant's background of unemployment, and stated the defendant was employable, and "further that he has had such assets, access to a car." Access to assets of another, as here, the car of defendant's mother, cannot be equated to assets belonging to the defendant. While the bond posted was some evidence of ability to pay, the mere act of posting bond does not in itself demonstrate an ability to pay for legal services. (*People v. Cook* (1980), 81 Ill. 2d 176, 181-82, 407 N.E.2d 56, 59.) If the court makes a determination authorizing payment, it must then consider the application of any bond posted toward this amount and any special consideration to be given to the interests of relatives or other third parties who may have posted bond on defendant's behalf. (Ill. Rev. Stat. 1985, ch. 38, par. 113—3(c); *Reynolds*, 152 Ill. App. 3d at 220, 504 N.E.2d at 166; *People v. Terry* (1988), 170 Ill. App. 3d 484.) Accordingly, we vacate the recoupment order and remand for further proceedings consistent with this opinion.

Affirmed in part; vacated in part and cause remanded.

McCULLOUGH and LUND, JJ., concur.