THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TOM JAKES, a/k/a Dwayne Blunt, Defendant-Appellant.

First District (1st Division)   No. 1—87—2827

Opinion filed May 1, 1989.

Randolph N. Stone, Public Defender, of Chicago (Stephanie L. Ellbogen, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Renee Goldfarb, and Andrew Lefevour, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

Defendant entered a plea of guilty to robbery and aggravated battery and was sentenced to 30 months' probation with the first six months to be served in the Cook County Department of Corrections. (Ill. Rev. Stat. 1985, ch. 38, pars. 18—1, 12—4(b)(8).) On August 21, 1987, defendant was found in violation of his probation based on his commission of a burglary on October 30, 1986, his probation was revoked and he was sentenced to five years in the penitentiary. On appeal, defendant contends that the trial court erred in failing to order a new presentence investigation report when the presentence investigation utilized by the court had been filed on July 17, 1987, and the probation revocation hearing was held on August 21, 1987.

Defendant was placed on probation on August 6, 1986. On March 24, 1987, the State filed a petition for violation of probation alleging that defendant was arrested on February 16, 1987, for burglary and indicted on March 11, 1987. On April 21, 1987, the court issued a violation of probation warrant. On June 5, 1987, after two continuances, the court ordered a presentence investigation report which was received on July 17, 1987.

On August 21, 1987, the court conducted a hearing on the petition. Dave Stone, owner of a grocery and liquor store, testified that when he closed at 4 a.m. on October 30, 1986, he left a VCR unit on the bar inside the store. Michael King, who lived next door, testified that about 5:50 a.m., he heard glass shattering and saw defendant leave the store with a video recorder or player and run into the alley. The court found defendant in violation of his probation and said that it was going to order a presentence investigation. An assistant State's Attorney then informed the court that the July 1987 presentence in-

vestigation report was quite current. At this point, defendant claimed the State had never proven that he was the same person placed on probation, but his argument was rejected by the court after taking additional evidence.

The court then asked if the parties wished to proceed to a sentencing hearing at this time. An assistant public defender then stated, "[W]e have a pre-sentence investigation, I don't see any purpose to delaying hearing." When the court subsequently asked if defendant had anything to offer in mitigation, the assistant public defender said, "We would rely on the presentence investigation." Counsel then discussed defendant's educational background and his slower-than-average rate of mental growth which defense counsel said indicated a lack of judgment.

The court stated that defendant presented an appealing picture for probation and acknowledged that defendant might have problems understanding what was going on around him. The court, however, concluded that its responsibility was to insure the safety of the public.

Defendant contends that section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—3—1) requires a written presentence report, and the trial judge here failed to order a new presentence investigation before sentencing. The State maintains that the trial court complied with the statutory requirement, that the report was current and that defendant did not object to the report or attempt to supplement its information.

In *People v. Youngbey* (1980), 82 Ill. 2d 556, 561, 413 N.E.2d 416, the court construed section 5—3—1 to require a written presentence report whenever a defendant is sentenced for a felony and said that the requirement was usually mandatory. In *People v. Harris* (1985), 105 Ill. 2d 290, 299, 473 N.E.2d 1291, the court held that the mandatory requirement for a presentence investigation report also applied to a defendant being resentenced upon a finding that he had violated the terms of his probation. In *Harris*, the court rejected an argument by the State that an updated report satisfied the statutory requirements as the appellate court had concluded in the companion case of *People v. Coleman* (1983), 120 Ill. App. 3d 619, 624-25, 458 N.E.2d 634. The "updated" report in *Coleman* was prepared in connection with defendant's admission to a burglary charge which also constituted the probation violation and which was considered by the court imposing sentence after revocation of probation; however, the report omitted certain important information required by statute such as defendant's criminal record and a description of the impact on the victim of the original offense.

The record here reflects, contrary to the situation in *Youngbey* and *Harris*, that a presentence investigation report was filed and that the author of the investigation was present at the hearing and testified. The presentence investigation was ordered by the court on June 5, 1987, and filed on July 17, 1987, approximately five weeks prior to the hearing on the State's petition to revoke probation. The record is clear that the parties understood the presentence investigation report had been filed previously on July 17, 1987. Moreover, defendant's counsel utilized the presentence investigation report in his arguments to the court concerning the appropriate sentence. It is the duty of the parties to bring to the attention of the trial court any alleged deficiency or inaccuracy in the presentence report. (*People v. Meeks* (1980), 81 Ill. 2d 524, 535, 411 N.E.2d 9.) Unless there is a claim that there is some deficiency or inadequacy, or lack of an opportunity to update, no error occurs. (*People v. Brady* (1988), 172 Ill. App. 3d 1079, 527 N.E.2d 590.) *Harris* and *Youngbey* do not say that a presentence investigation report complying in all respects with the statute filed five weeks prior to the actual sentencing hearing and considered without objection does not comply with the statute. Certainly, a presentence investigation report could be filed so far in advance of sentencing that the information would be stale, but there is no information in the trial court record or the briefs on appeal to suggest the omission of any relevant evidence and no such suggestion was made in the trial court. (*Cf. Brady*, 172 Ill. App. 3d 1079, 527 N.E.2d 590.) We conclude that the trial court's action in considering the presentence investigation under these circumstances complied with section 5—3—1.

Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

MANNING, P.J., and O'CONNOR, J., concur.