THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. RICKIE L. MUNSON, Petitioner-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICKIE L. MUNSON, Defend-ant-Appellant.

Third District   Nos. 3—87—0266, 3—87—0297 cons.

Opinion filed June 17, 1988.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

Joan Scott, State's Attorney, of Lewistown (Edward P. Morrissey, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

In the two consolidated causes, the defendant Rickie L. Munson appeals from denial of post-conviction relief and from a resentencing order. We affirm.

The defendant was originally found guilty of unlawful use of weapons, resisting a peace officer, and two counts each of armed violence and intimidation. On direct appeal we reversed the unlawful use of weapons conviction, affirmed the remaining convictions, and remanded for resentencing. Prior to the resentencing hearing, the defendant filed a petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 et seq.).

On April 27, 1987, the trial court both denied the defendant's request for post-conviction relief and resentenced the defendant to concurrent terms of imprisonment: 7¹/₂-year terms on each armed violence count and 364 days for resisting a peace officer. The defendant brought the instant appeals, arguing that his armed violence convic-

tions are the result of improper double enhancement and that the court reversibly erred in resentencing without a new presentence report.

The following facts underlie the defendant's convictions. Two police officers went to the defendant's residence to investigate a possible offense. When the officers approached, the defendant pointed a .22 caliber rifle and threatened to kill them both. The police first backed away and then arrested the defendant after he began to leave.

The defendant acknowledges the instant conduct and effectively concedes that he knowingly resisted or obstructed official, authorized acts of known peace officers, a possible Class A misdemeanor violation of section 31—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 31—1). The defendant goes on to argue that his armed violence conviction was a result of impermissible double enhancement of that conduct. He suggests that his single act of possession of the rifle was the basis to first elevate his conduct to a Class 3 felony violation of intimidation (Ill. Rev. Stat. 1985, ch. 38, par. 12—6(a)(1)), and then to enhance the offense of intimidation to a Class X offense of armed violence (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2). We choose to address the argument although the defendant did not raise it either in the trial court or on the direct appeal. See *People v. Brown* (1972), 52 Ill. 2d 227, 287 N.E.2d 663.

In his argument, the defendant relies upon *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627. In *Haron*, the supreme court concluded that the legislature did not intend the presence of a weapon to first enhance a misdemeanor battery to the felony offense of aggravated battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(b)(1)), and then to further enhance the conduct by serving as the basis for a charge of armed violence. The court held generally that the offense of armed violence, which is defined as commission of any Illinois felony while armed with a dangerous weapon (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2), contemplated the commission of a predicate offense which was a felony without enhancement by the presence of a weapon.

We agree with the State that *Haron* is not inconsistent with the defendant's conviction of armed violence. In *Haron* the court considered a conviction of armed violence which was based upon the predicate offense of aggravated battery. That predicate offense constituted a felony solely because it was accompanied by a deadly weapon. In contrast, the instant case presents a conviction for armed violence based upon conduct constituting a felony even without the presence of a weapon.

Unlike the form of aggravated battery considered in *Haron*,

the instant form of intimidation requires no presence of a weapon. It merely requires a threat to unlawfully inflict harm, communicated with intent to cause action or inaction. (Ill. Rev. Stat. 1985, ch. 38, par. 12—6(a)(1).) Here the defendant committed the predicate intimidation when he threatened the police officers; his possession of a weapon was not an essential element supporting that offense. As his predicate intimidation was a felony without enhancement by the presence of a weapon, there was no impermissible double enhancement here.

The defendant's remaining argument on appeal is that he must be resentenced as the instant resentencing order was entered without preparation of an updated resentencing report. We disagree.

■ Under section 5—3—1 of the Unified Code of Corrections, a defendant shall not be sentenced for a felony without the court's consideration of a written presentence investigation report. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—3—1.) In sentencing for a felony, the preparation of a presentence report is mandatory unless the sentence is agreed; it is not a personal right which a defendant can waive. (*People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416.) The supreme court has not fully addressed the effect of section 5—3—1 on felony resentencing. However, we have held that preparation of a new presentence report is not mandatory for a felony resentencing upon remand. *People v. Morton* (1981), 102 Ill. App. 3d 280, 430 N.E.2d 383. See also *People v. Young* (1987), 152 Ill. App. 3d 361, 504 N.E.2d 115, *appeal allowed* (1987), 115 Ill. 2d 550.

The defendant asks that we reconsider our *Morton* decision in light of *Youngbey* and *People v. Harris* (1985), 105 Ill. 2d 290, 473 N.E.2d 1291. In *Harris*, the supreme court held that section 5—3—1's mandatory requirement of a presentence report applied to the sentencing following a probation revocation. The defendant also notes *People v. Hammonds* (1974), 21 Ill. App. 3d 5, 314 N.E.2d 711, to support his argument.

We agree with the State both that *Youngbey* and *Harris* are distinct from the instant case and that *Morton* should control. Although *Youngbey* and the underlying statute lay the foundation requiring that a defendant not be sentenced for a felony before the court considers a written presentence report, they do not address any requirement of an updated report for a resentencing. *Harris*, although requiring preparation of a written presentence report for a resentencing upon revocation of probation, considered defendants who had waived preparation of a written presentence report at their original sentencing hearings. Similarly, *Hammonds* is factually distinct from this case.

The Fifth District *Hammonds* court required that a written presentence report be prepared prior to resentencing on remand; however, in that case, as in *Harris*, no presentence report had been previously prepared.

Under the facts and law before us, we find no reason to depart from the reasoning which led to the result in *Morton*. We again hold that the preparation of a second presentence report is not mandatory on resentencing. Further, we observe that in this case there is no basis to challenge the court's discretionary decision to proceed without ordering an updated report. The resentencing judge was the same judge who had originally sentenced the defendant. Before resentencing, the court considered the original written presentence report and also held a full hearing. Additionally, we note that the court apparently gave important consideration to factors arising after preparation of the initial written presentence report; the resentencing order reduced the defendant's sentence from 9 years to $7\frac{1}{2}$ years on the Class X armed violence offenses, which carried a six-year minimum sentence.

Based on the foregoing, we affirm the judgment of the circuit court of Fulton County.

Judgment affirmed.

BARRY and HEIPLE, JJ., concur.