THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES M. TAYLOR, Defendant-Appellant.

Third District   No. 3—87—0339

Opinion filed June 17, 1988.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, James Taylor, was charged with and pleaded guilty to the Class A misdemeanor of driving under the influence of alcohol. He was sentenced to 364 days in the county jail on February 25, 1987. The term of imprisonment was ordered to be served consecutively to another sentence of 364 days in the county jail imposed on January 27, 1987, for a separate offense of driving under the influence of alcohol. The defendant appeals.

■■ The defendant does not challenge his conviction, but argues on appeal that the trial court erred in ordering the sentence to run consecutively to the sentence imposed in January, because the aggregate of the two sentences exceeds the maximum for a Class A misdemeanor. We agree. The controlling statute provides in pertinent part as follows:

"(a) When multiple sentences of imprisonment are imposed on a defendant at the same time, or when a term of imprisonment is imposed on a defendant who is already subject to sentence in this State or in another state, *** the sentences shall run concurrently or consecutively as determined by the court.***

* * *

(c)(2) *** When sentenced only for misdemeanors, a defend-

ant shall not be consecutively sentenced to more than the maximum for one Class A misdemeanor." Ill. Rev. Stat. 1987, ch. 38, pars. 1005—8—4(a), (c)(2).

█ The clear language of the statute prohibits a defendant convicted only of misdemeanors from being consecutively sentenced to more than the maximum for one Class A misdemeanor. Accordingly, the sentence imposed by the circuit court of Rock Island County is modified to run concurrently to the sentence imposed on January 27, 1987.

Affirmed as modified.

STOUDER, P.J., and WOMBACHER, J., concur.