THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CHARLES BROWN, Defendant-Appellant.

Fourth District   No. 4—89—0827

Opinion filed June 7, 1990.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield,
for appellant.

No brief filed for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

■ On September 29, 1989, the defendant Charles Brown was sentenced to the penitentiary for the term of 40 years as a result of his conviction of murder and attempt (armed robbery), in violation of sections 9—1(a), 8—4, and 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 9—1(a), 8—4, 18—2). This sentence was imposed as a result of a mandate from this court, remanding in *People v. Brown* (1989), 181 Ill. App. 3d 1121 (unpublished order under Supreme Court Rule 23). The defendant filed timely notice of appeal, and the only issue presented is whether the resentencing court's failure to order an updated presentence investigation report raised a colorable issue that remandment for a new resentencing hearing is required. The defendant's counsel on appeal, the Office of the State Appellate Defender, Fourth Judicial District, has moved to withdraw as counsel on appeal pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, because there is no meritorious issue for review and any request for review would be frivolous. A copy of the motion was served on defendant. In addition, this court on its own motion has advised defendant that he had been granted leave to file additional points and authorities on or before February 23, 1990. None have been filed. The motion of the appellate defender to withdraw is allowed. However, we will address the merits of the defendant's issue on appeal.

In defendant's previous appeal to this court, only the sentence imposed upon him for the offense of murder was challenged. The trial court, on August 12, 1988, sentenced the defendant to 60 years' imprisonment in the Department of Corrections. On June 2, 1989, in *Brown*, this court affirmed the defendant's convictions but reversed his sentence for murder and the cause was remanded for a new sentencing hearing. The issue determined by this court in the first appeal was "whether that sentence may be affirmed as a properly imposed extended-term sentence." (*Brown*, slip at 8.) Specifically, was the offense accompanied "by exceptionally brutal or heinous behavior indicative of wanton cruelty" within the meaning of the statute (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(2))? (See *Brown*, slip at 8.) The trial court was directed to conduct a new sentencing hearing. The only prohibitions by our mandate were that no death penalty should be imposed and no sentence more severe than 60 years should be imposed unless the sentence was based upon misconduct by the defendant occurring since the previous sentencing hearing.

A proper presentence investigation report was before the court at sentencing on August 12, 1988. The resentencing hearing held Sep-

tember 29, 1989, was without the benefit of a supplemental presentence report. The trial court did not err in failing to order a supplemental presentence report in this case.

The defendant cites *People v. Harris* (1985), 105 Ill. 2d 290, 473 N.E.2d 1291, to support his position that a supplemental presentence report is mandatory. In *Harris,* defendant Harris was sentenced to probation without the benefit of a presentence investigation (PSI). Subsequently, his probation was revoked also without the benefit of a PSI report. In the consolidated case with *Harris,* defendant Coleman was sentenced to probation without a PSI, Coleman's probation was revoked and a supplemental PSI report ordered. As to Harris and Coleman, the supreme court stated "section 5—3—1 plainly requires a written presentence report whenever a defendant is sentenced for a felony, absent an agreed disposition. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—1.)" *Harris,* 105 Ill. 2d at 299, 473 N.E.2d at 1295.

In *People v. Young* (1988), 124 Ill. 2d 147, 529 N.E.2d 497, a factual situation similar to this case, a PSI was on file at the original sentencing hearing. On remand from the appellate court for resentencing, the defendant contended a supplemental PSI report was mandatory. Unlike this case, the defendant made a motion in the trial court for a supplemental PSI report and the motion was denied. The defendant wanted a supplemental PSI report to show information concerning his good conduct while incarcerated.

In *Young,* the supreme court stated:

> "The presentence investigation and report required by *Harris* were not supplemental, as the defendant argues for in this case. They were original. *Harris* does not, therefore, control this case." *Young,* 124 Ill. 2d at 157, 529 N.E.2d at 501-02.

Section 5—5—3(d) of the Unified Code of Corrections (Code) provides in part as to resentencing on remand:

> "The trial court shall hold a hearing under Section 5—4—1 of the Unified Code of Corrections which may include evidence of the defendant's life, moral character and occupation during the time since the original sentence was passed." Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(d).

The *Young* court did not make mandatory a supplemental PSI report:

> "Today, we decline to give section 5—5—3(d) the mandatory reading defendant urges upon us. In setting forth the statute above, we have emphasized the use of the words 'shall' and 'may.' It is clear from the alternate use of these words that the legislature used 'shall' when it intended that a requirement be

mandatory, and 'may' when the provision was to be discretionary." *Young,* 124 Ill. 2d at 157, 529 N.E.2d at 502.

The statement made by the appellate court in *People v. Morton* (1981), 102 Ill. App. 3d 280, 281, 430 N.E.2d 383, 384, is sound. In *Morton,* the court stated:

"The preparation of a second presentence report is not mandated by law, although it would be discretionary with the sentencing judge to order a supplemental report if he felt it would be beneficial. In the case at bar, a presentence report was presented to the judge at the time defendant was originally sentenced. The second hearing occurred only 11 months after the first one. The same judge presided at both hearings. At the resentencing hearing, both sides had the opportunity, and did in fact, present evidence to fully supplement the original report."

█ In this case, the same judge presided at both sentencing hearings. The second hearing occurred approximately 13 months after the first one. At the resentencing hearing, the trial court stated: "I do recall clearly the evidence and I recall the sentencing hearing." At the resentencing hearing neither the State nor the defendant presented any evidence. The defendant did not request a supplemental PSI report and in fact did not exercise his right of allocution at the hearing. He cannot now complain.

█ The resentencing hearing conducted by the trial court complied with the provisions of sections 5—3—2 and 5—5—3(d) of the Code (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—3—2, 1005—5—3(d)). As argued by the defendant in the first appeal, the maximum unextended term of imprisonment for the offense of murder in this case was 40 years. The trial court, in considering the background of the defendant and the PSI report and the matters presented at the hearing on September 29, 1989, did not abuse its discretion in sentencing the defendant to the term of 40 years.

The circuit court of Sangamon County is affirmed.

Affirmed.

KNECHT, P.J., and LUND, J., concur.