THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARVELL YORK, Defendant-Appellant.

Third District   No. 3—90—0687

Opinion filed July 9, 1992.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet, and Margaret Stroot, of Quincy (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

A jury convicted the defendant, Darvell York, of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1991, ch. 56½, par. 1401). He was thereafter sentenced to 12 years' imprisonment. He appeals from his sentence. We affirm the defendant's conviction, vacate his sentence, and remand the cause for proceedings consistent with our decision.

The record shows that at the sentencing hearing, the trial court noted that it had neglected to order a presentence investigation report. It asked counsel for both the State and the defendant if they would waive the preparation of the report. Both sides agreed to do so. The court then sentenced the defendant to a 12-year term of imprisonment, which was to be served consecutively to a 10-year term the defendant was already serving.

On appeal, the defendant argues that he must be resentenced because the trial court erroneously sentenced him without the preparation of a presentence investigation report.

Section 5—3—1 of the Unified Code of Corrections provides that a defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—3—1.) This requirement is mandatory and cannot be waived except in accordance with the exceptions set forth in the statute regarding sentencing agreements. *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416.

In the case at hand, no presentence report was prepared or considered by the court, nor was there any agreement as to sentencing. As such, we find the parties' waiver of the report to be invalid. We also find that the trial court erred in imposing a sentence without ordering and considering a presentence investigation report. We therefore remand this cause for resentencing.

We note that the State argues that a presentence report was unnecessary in this case because the trial judge who imposed the sentence was the same judge who had imposed the previous 10-year sentence. As such, the judge was familiar with the defendant's criminal history and had previously considered a presentence investigation report.

Citing *People v. Torres* (1986), 146 Ill. App. 3d 250, 496 N.E.2d 1060, *People v. Adams* (1987), 156 Ill. App. 3d 444, 509 N.E.2d 482, and *People v. Brady* (1988), 172 Ill. App. 3d 1079, 527 N.E.2d 590, the State notes that exceptions to the waiver rule have been applied.

In *Torres*, the defendant was sentenced, subsequent to another conviction, without an updated presentencing report. His second sentencing hearing was held only six weeks after the first hearing. In *Adams*, the report considered by the court had been prepared for pretrial purposes approximately one month before the defendant was sentenced. In *Brady*, the court considered a report that had been prepared six months earlier.

We find these cases to be distinguishable from the case at hand. We note that in each of those cases there was a presentence report, although not updated, which was actually considered by the trial court. By contrast, in the instant case there is absolutely no indication that the trial court considered the previously prepared report when he sentenced the defendant.

In addition, the time lapse between the preparation of the report and the complained-of sentencing hearing was much greater in the case at hand. Here, the time lapse was about one year, while in the other cases it was six months or less. As such, we find that the court should have ordered a new report to determine if the defendant had made any strides toward rehabilitation or, on the other hand, had compiled a poor institutional record.

Based on the facts of this case, we decline to follow the cases cited by the State. Accordingly, we affirm the defendant's conviction for unlawful delivery, vacate his sentence, and remand the cause for proceedings consistent with our decision.

The judgment of the circuit court of Will County is affirmed in part, vacated in part, and remanded.

Affirmed in part; vacated in part and remanded.

SLATER and GORMAN, JJ., concur.