THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES TUCKER, Defendant-Appellant.

Third District   No. 3—93—0382

Opinion filed June 21, 1994.—Rehearing denied July 28, 1994.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Clarke Erickson, State's Attorney, of Kankakee (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

Following a bench trial, the defendant, James E. Tucker, was convicted of residential burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19—3). The defendant was sentenced to an extended term of 30 years in the Department of Corrections. The trial court ordered the defendant's sentence to be consecutive to the sentence previously imposed upon the defendant in case No. 92—CF—279.

In case No. 92—CF—279, the defendant was convicted of home invasion, aggravated criminal sexual assault, two counts of residential burglary and aggravated battery. The defendant was sentenced to 60 years' imprisonment for home invasion and 60 years' imprisonment for aggravated criminal sexual assault, with these sentences to run consecutively. He was given concurrent sentences for the residential burglary and aggravated battery convictions. On appeal, the defendant's convictions and sentences for home invasion and aggravated criminal sexual assault were affirmed. *People v. Tucker* (3d Dist. 1994), No. 3—92—0936 (unpublished order under Supreme Court Rule 23).

The defendant raises two issues in this appeal: (1) whether resentencing is required because the trial court relied upon a presentence investigation report prepared after the defendant's previous convictions, about $5^1/_2$ months prior to the defendant's sentencing in this case; and (2) whether the defendant's sentence must be modified to a concurrent sentence based upon section 5—8—4(c)(2) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(c)(2)).

We find that resentencing is not required because the trial court properly relied upon a recent presentence investigation report. However, we conclude that the consecutive sentence imposed must be modified to a concurrent sentence because the maximum permissible consecutive sentence under section 5—8—4(c)(2) of the Code was imposed in case No. 92—CF—279. As a result, we affirm the judgment of the trial court as modified.

The defendant's bench trial was held on March 29, 1993. At trial,

Ellen McKibben, age 67, and George McKibben, age 79, testified that an intruder broke into their home around 12:45 a.m. on April 8, 1992. The intruder attempted to put a black garbage bag over Ellen's head, causing her to fall. George then wrestled briefly with the intruder, and the intruder left. The garbage bag was found on the front porch of the McKibbens' home. Six of the defendant's fingerprints were found on the garbage bag. Based upon this evidence, the trial court found the defendant guilty of residential burglary.

The trial court then stated that it would be difficult to order a presentence investigation report prior to sentencing because the defendant was incarcerated. The prosecutor and defense counsel discussed the fact that a presentence investigation report had been prepared prior to the defendant's sentencing for his previous convictions in case No. 92—CF—279. The report was dated October 7, 1992, and the defendant's previous sentencing hearing was held on November 25, 1992. The prosecutor and defense counsel then stipulated that the presentence investigation report was accurate because the defendant had been incarcerated since the prior sentencing hearing. During a break, defense counsel reviewed the report with the defendant. Counsel asked that the report be corrected to reflect that a retail theft charge had been nol-prossed. The correction was made in the report.

At the sentencing hearing, defense counsel pointed out to the court that the presentence investigation report showed the defendant had a significant drug problem and suffered from mental difficulties. Counsel specifically noted that the defendant had previously spent time in the Menard psychiatric unit.

Based upon the age of the victims, the trial court sentenced the defendant to an extended term of 30 years' imprisonment. The court ordered that the sentence would be consecutive to the sentences previously imposed in the other case. The defendant subsequently filed a notice of appeal.

The defendant first argues that a new sentencing hearing is required because a new presentence investigation report was not prepared prior to sentencing in this case. We disagree.

The defendant is correct that section 5—3—1 of the Code provides that a defendant shall not be sentenced for a felony before a written presentence investigation report is presented to and considered by the court. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—3—1.) This requirement is mandatory. (*People v. Youngbey* (1980), 82 Ill. 2d 556, 565, 413 N.E.2d 416.) Accordingly, in *People v. York* (1992), 230 Ill. App. 3d 874, 596 N.E.2d 187, we held that remand for resentencing was necessary because the trial court sentenced the defendant

without ordering the preparation of a presentence investigation report and without considering a previously prepared report. *York*, 230 Ill. App. 3d at 876.

However, the facts of the instant case are distinguishable from the facts of *York*. Here, the trial court *did* consider a recent, written presentence investigation report. Therefore, we conclude that the defendant's reliance on *York* is misplaced.

The purpose of a presentence investigation report is to collect all the necessary information for the trial judge before sentence is imposed. (*People v. Williams* (1992), 149 Ill. 2d 467, 488, 599 N.E.2d 913.) Therefore, the requirements of section 5—3—1 are met when the trial court considers a recently prepared presentence investigation report which contains the information necessary for a sentencing decision. Accordingly, a new presentence investigation report is not required when a defendant is resentenced after his original sentence is vacated on appeal. (*People v. Young* (1988), 124 Ill. 2d 147, 156-57, 529 N.E.2d 497; *People v. Brown* (1990), 198 Ill. App. 3d 156, 158-59, 555 N.E.2d 794; *People v. Munson* (1988), 171 Ill. App. 3d 274, 277-78, 525 N.E.2d 250; *People v. Morton* (1981), 102 Ill. App. 3d 280, 281, 430 N.E.2d 383.) Similarly, when a presentence investigation report was prepared at the time a defendant was placed on probation, a new report is not required at sentencing following the revocation of probation as long as the defendant is given the opportunity to present additional information. (*People v. Acevedo* (1991), 216 Ill. App. 3d 195, 202-03, 576 N.E.2d 949; *People v. Walker* (1987), 164 Ill. App. 3d 133, 137-38, 517 N.E.2d 679; *cf. People v. Harris* (1985), 105 Ill. 2d 290, 473 N.E.2d 1291 (in a probation revocation proceeding, a presentence investigation report must be prepared if no report was prepared prior to imposition of sentence of probation).) Also, a new presentence investigation report is not required where, as here, a report was recently prepared prior to sentencing for a previous conviction. *People v. Berry* (1993), 241 Ill. App. 3d 993, 1000, 609 N.E.2d 900; *People v. Sweeney* (1990), 200 Ill. App. 3d 218, 222-23, 558 N.E.2d 622; *People v. Torres* (1986), 146 Ill. App. 3d 250, 255, 496 N.E.2d 1060.

■ Here, the presentence investigation report used at the defendant's sentencing hearing was less than six months old. Also, defense counsel was given the opportunity to correct the report. Moreover, defense counsel stipulated that the report was otherwise accurate because the defendant had been incarcerated since its preparation. We conclude that, based on these circumstances, the presentence investigation report was adequate to provide the court with the necessary information for a proper sentencing decision.

■ We note the defendant contends that he was prejudiced by

this procedure because the trial court was not advised about his incarceration in the psychiatric division of Menard Correctional Center. He argues that, "[o]bviously, the records from that Division should have been considered in imposing sentence." We cannot agree. Any claimed deficiency or inaccuracy in a presentence investigation report must be brought to the attention of the sentencing court. (*Williams*, 149 Ill. 2d at 493.) The failure to do so results in the waiver of the issue on review. (*Williams*, 149 Ill. 2d at 493; *People v. James* (1993), 255 Ill. App. 3d 516, 530, 626 N.E.2d 1337.) Here, defense counsel agreed to the use of the previously prepared report and stipulated that it was accurate. Based on these circumstances, we find the defendant has waived any claim that the presentence investigation report lacked sufficient current information. *People v. Mata* (1993), 243 Ill. App. 3d 365, 376, 611 N.E.2d 1235.

■ Additionally, we find from our review of the record that the defendant was not prejudiced. The presentence investigation report contained sufficient information concerning the defendant's mental problems. Also, the trial court was informed by defense counsel that the defendant had previously spent time in the Menard psychiatric unit. As a result, the court was well informed concerning the defendant's mental problems prior to imposing sentence.

The defendant next contends that the trial court exceeded its authority when it ordered the 30-year sentence to be served consecutively. The defendant argues the maximum consecutive sentence allowable under section 5—8—4(c)(2) of the Code was already imposed in case No. 92—CF—279 when the defendant was sentenced to two consecutive terms of 60 years. We agree with the defendant's contention.

Section 5—8—4 of the Code applies when multiple sentences are being imposed upon a defendant at the same time. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a).) It also applies when, as here, a term of imprisonment is being imposed upon a defendant who is subject to a previously imposed sentence. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a).) The section sets out the circumstances where a consecutive sentence may or, in some cases, must be imposed. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4.) Section 5—8—4(c)(2) of the statute provides, in pertinent part:

> "[T]he aggregate of consecutive sentences shall not exceed the sum of the maximum terms authorized under Section 5—8—2 for the 2 most serious felonies involved. When sentenced only for misdemeanors, a defendant shall not be consecutively sentenced to more than the maximum for one Class A misdemeanor." Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(c)(2).

In *People v. Taylor* (1988), 171 Ill. App. 3d 278, 525 N.E.2d 246, the defendant was sentenced to consecutive terms of 364 days in the county jail for two separate misdemeanors. We held that consecutive sentences were not permissible because that portion of section 5—8—4(c)(2) which relates to misdemeanor offenses clearly "prohibits a defendant convicted only of misdemeanors from being consecutively sentenced to more than the maximum for one Class A misdemeanor." *Taylor*, 171 Ill. App. 3d at 280.

The First District Appellate Court has reached a different conclusion in interpreting that portion of section 5—8—4(c)(2) which relates to felony offenses. In both *People v. Tipton* (1991), 222 Ill. App. 3d 657, 584 N.E.2d 310, and *People v. Spires* (1989), 182 Ill. App. 3d 176, 537 N.E.2d 1010, the court recognized that the statute clearly says that the aggregate consecutive sentence imposed shall *not* exceed the sum of the maximum terms for the two most serious felonies. Nevertheless, in both *Tipton* and *Spires*, the court held that section 5—8—4(c)(2) does not apply where the defendant's consecutive sentences are imposed for separate offenses committed at different points in time. (*Tipton*, 222 Ill. App. 3d at 667; *Spires*, 182 Ill. App. 3d at 185.) The court determined the practical effect of an opposite conclusion would be to: (1) give a defendant free reign to commit as many crimes as he desires knowing he was subject to consecutive sentencing on only two of the crimes; and (2) lessen the protection to the public from persons determined to be a serious threat to society. *Tipton*, 222 Ill. App. 3d at 667; *Spires*, 182 Ill. App. 3d at 185.

We do not agree with the conclusion reached by the first district in *Tipton* and *Spires*. In construing language contained in section 5—8—4(a) of the Code, our supreme court recently stated that the "surest and most reliable indicator of legislative intent is the language of the statute." (*People v. Bole* (1993), 155 Ill. 2d 188, 198, 613 N.E.2d 740.) The court acknowledged the plain language of the statute created something of an anomaly, but determined that it could not be corrected under the guise of statutory interpretation. The court stated, "[t]o do so here would require substantial rewriting of the statutory language, in a manner inconsistent with the clearly expressed intent of the legislature." *Bole*, 155 Ill. 2d at 198-99.

■ The plain language of the statute provides that, in situations where multiple sentences are being imposed upon a defendant at the same time *or* where a term of imprisonment is being imposed upon a defendant who is subject to a previously imposed sentence, consecutive sentences *cannot* exceed the total of the maximum terms for the two most serious felonies involved. (Ill. Rev. Stat. 1991, ch. 38, pars. 1005—8—4(a), (c)(2).) The conclusion of the court in *Tipton* and *Spires*

was based on persuasive reasoning. However, in order to reach its conclusion, the first district had to ignore the plain, unambiguous language of the statute. Based upon our supreme court's decision in *Bole*, we reach a different conclusion.

For the reasons stated, we determine that a new sentencing hearing is not required. We also conclude that the consecutive sentence must be modified to a concurrent sentence. Accordingly, the judgment of the circuit court of Kankakee County is affirmed as modified.

Affirmed as modified.

STOUDER and BARRY, JJ., concur.