THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT ALLEN, Defendant-Appellant.

First District (4th Division)   No. 1—91—3484

Opinion filed December 22, 1994.

Michael J. Pelletier and Patricia Unsinn, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, John J. Walters, and James Ryan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE THEIS delivered the opinion of the court:

The defendant, Robert Allen, was found guilty of armed robbery and was sentenced to a term of 30 years' imprisonment, to be served consecutively to two sentences previously imposed on the defendant. Allen appeals his conviction and sentence. We affirm his conviction, but find that sentencing was improper and reduce the sentence to 25 years.

## FACTS

On April 17, 1990, the defendant and his companions, two unidentified men, entered a jewelry store and approached the owner, Jose Pulida. One of the men pulled out a gun and put it to Pulida's head.

The companions of the man with the gun, including the defendant, went around the counter of the jewelry store and also pulled guns and held them to Pulida's back. They removed Pulida's wallet, containing approximately $500. The three perpetrators handcuffed Pulida and two jewelry store workers together and attached the handcuffs to a pipe. They closed the door to the back room, leaving the victims locked together. The victims were eventually able to break the pipe and run into the street looking for help. They found a police officer, to whom they related the story of the robbery, and they then returned to the store. Upon their return, they noticed that jewelry was missing from the counters and about $1,500 was missing from the cash drawer.

On April 18, 1990, the day after the robbery, Officer Sellars was riding in an unmarked car with his partner, Detective Patrick Brosnan, and their supervisor, Sergeant David Welch. They were traveling northbound on Aberdeen when they noticed a late model Oldsmobile turning the corner of 52nd and Aberdeen and proceeding at a high rate of speed. The officers attempted to follow the vehicle and, when they caught up with it, it was parked at the corner of 51st and Aberdeen. They observed that there were three occupants in the vehicle at that time, two men and a woman, who exited the vehicle

and went into the liquor store located at that corner. The defendant was one of the occupants of the car.

Detective Brosnan ran the license plate through the computer in the patrol car and discovered that the vehicle was stolen. The officers watched the vehicle until the three occupants had returned and they then blocked the path of the stolen car.

The officers approached the automobile. Officer Sellars removed the driver of the vehicle, Tony Anderson, from the car. Detective Brosnan then talked to the two passengers. The woman was seated in the front passenger seat and Allen was seated in the back of the car, behind the passenger seat. Brosnan bent down and observed that there was a jacket placed over Allen's feet on the floor of the car. The detective reached down and patted the jacket. In the jacket, he felt what he believed to be a gun. The officers then arrested Allen, although the defendant denied ownership of the jacket.

A search of the car also yielded a cosmetic case filled with jewelry. A lineup was subsequently conducted on April 19, 1990. Pulida and the other jewelry store employees all identified the defendant as one of the individuals who had robbed the store.

After a jury trial, the defendant was convicted of armed robbery. He was sentenced to 30 years' imprisonment, to be served consecutively to 55-year and 40-year consecutive sentences previously imposed on him. Allen appeals his conviction and sentence, raising three issues for our review: (1) whether the defendant's motion to quash arrest and suppress evidence was improperly denied; (2) whether the consecutive sentences imposed on the defendant were improper because the record does not adequately reflect a belief by the court that consecutive sentences are necessary for the protection of the public; and (3) whether the defendant's sentence must be reduced to 25 years from 30 years because the aggregate of the consecutive sentences imposed on the defendant exceeds the sum of the maximum extended terms authorized for the two most serious felonies.

## DISCUSSION

■ The first issue raised by the defendant is whether the motion to quash arrest and suppress evidence was improperly denied. This issue has already been addressed and decided in a related appeal. *People v. Allen* (1994), 268 Ill. App. 3d 279.

This defendant, Robert Allen, was convicted of a separate armed robbery which occurred on April 8, 1990. His arrest for the April 8 armed robbery occurred when Detective Brosnan and Officer Sellars stopped the stolen vehicle and conducted a pat-down search of the de-

fendant while he was seated in the back seat of this car. This is the same arrest contested in this appeal.

In the appeal of the April 8 robbery conviction, the defendant raised the issue of whether his motion to quash arrest and suppress evidence was properly denied. The court which reviewed Allen's conviction for the April 8 armed robbery adequately considered this issue and we adopt the reasoning of that court in disposing of the issue in this appeal. See *People v. Allen* (1994), 268 Ill. App. 3d 279.

■ The second issue that the defendant raises is whether the consecutive sentences imposed on the defendant must be vacated because the record does not reflect the belief of the trial court that consecutive sentences are necessary for the protection of the public. We conclude that the record adequately indicates the trial court's beliefs and we therefore affirm the decision to impose consecutive sentences.

Section 5—8—4(b) of the Unified Code of Corrections states:

"(b) The court shall not impose a consecutive sentence *** unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(b).

The trial court need not recite the language of the statute when imposing a consecutive sentence. (*People v. Hicks* (1984), 101 Ill. 2d 366, 375, 462 N.E.2d 473, 477.) However, the record must show that the judge imposing the sentence believes that the consecutive term is necessary for the protection of the public. *Hicks*, 101 Ill. 2d at 375, 462 N.E.2d at 477.

The State directs our attention to the following remarks made by the judge while he was sentencing the defendant:

"You, Mr. Allen, have indicated by your past conduct, *** and specifically by your conduct during a period of I want to say it was a month or two in 1990 that you are apparently from all indications unable to conform your conduct to the law.

You are an armed robber. You are a person who preys on legitimate businessmen. You are a serious, serious threat to this community and any community.

Considering your background, considering everything that we have said, we are sentencing you to the Illinois Department of Corrections for a consecutive sentence of thirty years Illinois Department of Corrections."

Among other things, the trial judge specifically noted that the defendant was a serious threat to the community. It appears clear, then, that the sentencing judge believed that consecutive terms were

necessary to protect the public. As Justice Simon noted in his special concurrence, "[t]he trial judge could not have more directly addressed the issues raised *** without employing the 'magic words' of the statute itself." (*Hicks*, 101 Ill. 2d at 377, 462 N.E.2d at 478 (Simon, J., specially concurring).) We therefore affirm the decision of the trial judge on this issue.

Because we refuse to remand this matter to the trial court, we decline to address the remaining issue raised by the defendant concerning preparation of a new presentence investigation report.

■ The third issue raised by the defendant is whether defendant's sentence must be reduced to 25 years because the aggregate of the consecutive sentences imposed on defendant exceeds the sum of the maximum extended terms authorized for the two most serious felonies involved. We agree with the defendant and consequently reduce the defendant's sentence from 30 years to 25 years.

The State first contends that the defendant has waived this issue because he had not raised the issue "during or after the sentencing hearing." However, we note that there is no need to object to a sentencing error in order to preserve the error for review. *People v. Lewis* (1994), 158 Ill. 2d 386, 634 N.E.2d 717.

The defendant had previously received a 40-year sentence for armed robbery and a 55-year sentence for attempted murder, armed violence and armed robbery. The 30-year sentence in this case was to run consecutively to the other sentences.

Resolution of this argument is controlled by section 5—8—4 of the Unified Code of Corrections. Section 5—8—4(c)(2) states:

> "For sentences imposed under the law in effect on or after February 1, 1978, the aggregate of consecutive sentences shall not exceed the sum of the maximum terms authorized under Section 5—8—2 for the 2 most serious felonies involved." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(c)(2).

The defendant argues that the two most serious felonies involved are Class X felonies, for which the statute authorizes a maximum term of 60 years each. Therefore, the aggregate of the consecutive sentences which the defendant has received cannot exceed 120 years (60 years and 60 years, the sum of the maximum extended terms for the two Class X felonies). However, the defendant's argument continues, the aggregate of the defendant's sentences is 125 years (55 years and 40 years imposed on the defendant for the April 8, 1990, armed robbery and 30 years imposed for this armed robbery). Therefore, the defendant contends that his sentence must be reduced by five years.

On the other hand, the State asserts that section 5—8—4 should

not apply when sentences are imposed for offenses committed at separate times.

We note that there is a split of authority with respect to whether this statute should be applied in a situation such as that presented in the case at bar. In both *People v. Tipton* (1991), 222 Ill. App. 3d 657, 584 N.E.2d 310, and *People v. Spires* (1989), 182 Ill. App. 3d 176, 537 N.E.2d 1010, it was determined that section 5—8—4(c)(2) only applies in situations where a defendant is charged with multiple offenses arising out of the same course of conduct.

However, *People v. Tucker* (1994), 263 Ill. App. 3d 895, 636 N.E.2d 1067, reached an opposite conclusion. There, the court stated that section 5—8—4(c)(2) clearly intended that where multiple sentences are being imposed upon a defendant for crimes committed at the same time or where multiple sentences are being imposed on the defendant who has previously received a sentence, the consecutive sentences cannot exceed the total of the maximum terms for the two most serious felonies. The *Tucker* court rejected the holdings of *Tipton* and *Spires*, noting, "in order to reach [this] conclusion, the first district had to ignore the plain, unambiguous language of the statute." *Tucker*, 263 Ill. App. 3d at 901, 636 N.E.2d at 1071-72.

We agree with the conclusion reached in *Tucker*. When determining the meaning of a statute, the court has a duty to ascertain and give effect to the intention of the legislature. (*People v. Bole* (1993), 155 Ill. 2d 188, 195, 613 N.E.2d 740, 743.) The best indicator of the intention of the legislature is the plain language of the statute. (*Bole*, 155 Ill. 2d at 198, 613 N.E.2d at 745.) The language of the statute indicates that the aggregate of consecutive sentences is not to exceed the sum of the maximum extended term of imprisonment for the two most serious felonies involved. As the defendant correctly notes, there is no language limiting the application of the statute to situations where consecutive sentences were imposed as a result of convictions arising out of a single course of conduct. As the Illinois Supreme Court stated, "[a]lthough this might simply have been an oversight by the legislature, it is not one that we are able to correct under the guise of statutory interpretation." *Bole*, 155 Ill. 2d at 198-99, 613 N.E.2d at 745.

For this reason, we conclude that the defendant's sentence must be reduced to 25 years.

In sum, then, we affirm the decision of the trial court to deny the motion to quash the warrant and suppress the evidence. We also affirm the court's decision to impose consecutive sentences. However, we conclude that the trial court erred when it imposed a consecutive sentence of 30 years, because the aggregate of the consecutive sen-

tences is not to exceed the maximum penalty allowed for the two most serious felonies involved. We therefore reduce the defendant's sentence to 25 years.

Affirmed as modified.

JOHNSON[1] and CAHILL, JJ., concur.

[1]Justice Johnson participated in the disposition of this case prior to his retirement.