THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TRAVIS C. CHILDRESS, Defendant-Appellant.

Fourth District    No. 4—98—0449

Opinion filed August 19, 1999.

Daniel D. Yuhas and Martin J. Ryan, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered opinion of the Court:

In September 1997, the State charged defendant, Travis C. Childress, by information with obstructing justice (720 ILCS 5/31—4(a) (West Supp. 1997)), theft of property having a value in excess of $300 (720 ILCS 5/16—1(a)(1)(A) (West 1996)), and two counts of robbery (720 ILCS 5/18—1 (West 1996)). The State later elected to prosecute the obstruction of justice charge first, and in December 1997, a jury convicted defendant, finding that he had provided a false name to a police officer following apprehension. Defendant subsequently filed a posttrial motion, challenging the sufficiency of the evidence presented at trial.

In February 1998, defense counsel and the prosecutor informed the trial court that the State had already dismissed the theft charge and the parties had reached an agreement whereby the State would dismiss the remaining robbery charges in exchange for defendant's withdrawal of his posttrial motion. However, the parties had reached no agreement regarding the sentence to be imposed. The court then asked the prosecutor and defense counsel about the status of the presentence report to be prepared by the probation department (PSI), and defense counsel stated, "We are both prepared to waive presentence report, advise the court of [defendant's] past criminal history, and proceed to sentencing today." The court asked defendant if he understood that by being sentenced that day, the court would not consider a PSI prior to sentencing him, and defendant said that he did. The court then accepted the parties' purported waiver of the preparation and consideration of a PSI. After considering arguments and suggestions of counsel as well as defendant's statement, the court sentenced defendant to an extended term of four years in prison, to be served consecutively to any sentence that might later be imposed for defendant's having violated parole in Macon County case No. 93—CF—788.

Defendant filed a postsentencing motion, alleging that the trial court erroneously (1) imposed an extended-term sentence, and (2) ordered the sentence to be served consecutively. Following a hearing, the trial court denied the motion.

Defendant appeals, arguing that the trial court erred by (1) sentencing him without the preparation and consideration of a PSI, and (2) ordering that his sentence be served consecutively to any sentence that might later be imposed for defendant's having violated parole in Macon County case No. 93—CF—788. We affirm defendant's conviction, vacate his sentence, and remand for a new sentencing hearing.

Defendant first argues that the trial court erred by sentencing him without the preparation and consideration of a PSI. We agree.

■ Section 5—3—1 of the Unified Code of Corrections (Unified Code) provides as follows:

"Presentence Investigation. A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.

However, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment, conditional discharge, or imprisonment.

The court may order a presentence investigation of any defendant." 730 ILCS 5/5—3—1 (West 1996). In *People v. Youngbey*, 82 Ill. 2d 556, 565, 413 N.E.2d 416, 421 (1980), the supreme court construed section 5—3—1 of the Unified Code and held that it "sets forth a mandatory, reasonable legislative requirement which, not being a personal right of the defendant, cannot be waived" except in accordance with the exception set forth in the statute regarding sentencing agreements. See *People v. York*, 230 Ill. App. 3d 874, 875, 596 N.E.2d 187, 188 (1992).

■ In the present case, a PSI was neither prepared by the probation department nor considered by the trial court. Nor had defendant and the State reached any agreement as to sentencing. In accordance with the plain language of section 5—3—1 of the Unified Code and the supreme court's holding in *Youngbey*, we conclude that the parties' purported waiver of the preparation and consideration of a PSI was invalid. Thus, we hold that the trial court erred by sentencing defendant without first ordering and considering a PSI. Accordingly, we vacate defendant's sentence and remand for a new sentencing hearing in compliance with section 5—3—1 of the Unified Code (730 ILCS 5/5—3—1 (West 1996)). In so holding, we express no view regarding the appropriateness of the trial court's imposing a four-year prison term in this case.

We also reject the State's argument that defendant cannot raise his claim of error on appeal because he (1) has forfeited it by failing to raise his claim in his postsentencing motion, (2) is estopped from raising it because he "actively sought" to waive the preparation and consideration of a PSI, and (3) is seeking to "partially abrogate" an agreement he negotiated with the State. The problem with the State's argument is that both the plain language of section 5—3—1 of the Unified Code and the supreme court's holding in *Youngbey* defeat it. In *Youngbey*, 82 Ill. 2d at 565, 413 N.E.2d at 421, the court specifically held that the mandatory requirement of section 5—3—1 does not constitute a personal right of a defendant, and, thus, it cannot be waived by the defendant. If a defendant cannot knowingly and intentionally waive the requirement of that section, then certainly a defendant cannot forfeit it through some sort of procedural default.

Because we have concluded that this case must be remanded for a new sentencing hearing in compliance with section 5—3—1, we need not address defendant's claim that the trial court erred by ordering that defendant's sentence be served consecutively to any sentence that might later be imposed for defendant's violating parole in Macon County case No. 93—CF—788.

For the reasons stated, we affirm defendant's conviction, vacate his sentence, and remand for a new sentencing hearing.

Affirmed in part and vacated in part; cause remanded with directions.

COOK and MYERSCOUGH, JJ., concur.