THIRD DIVISION
July 31, 2006

No. 1-04-1090

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos.  90 CR 11981 |
| | ) | 90 CR 11984 |
| | ) | 90 CR 11987 |
| | ) | |
| ROBERT ALLEN, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE THEIS delivered the opinion of the court:

Defendant Robert Allen appeals from the dismissal of his petition for relief under section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2002)).  On appeal, defendant contends that: (1) the trial court treated his petition as a post-conviction petition and improperly failed to address all of its allegations; (2) alternatively, if the court considered his pleading as a section 2-1401 petition, the court lacked the statutory authority to summarily dismiss it; and (3) the summary dismissal of his section 2-1401 petition was not harmless where it presented a meritorious issue.  For the following reasons, we affirm.

The following facts are relevant to the disposition of this appeal.  In trial court case number 90 CR 11984, defendant was convicted by a jury of attempted first degree murder, armed robbery, and armed violence for the April 15, 1990 armed robbery of a Trak Auto store

1-04-1090

(the Trak Auto robbery). Defendant was sentenced to concurrent terms of 55 years' imprisonment on each conviction. His codefendant, Tony Anderson, was found guilty of all three offenses following a bench trial. During defendant's trial, the evidence revealed that on April 18, 1990, defendant was a passenger in a stolen car driven by Anderson when it was stopped by police. While an officer conducted a protective search of defendant, he saw a black jacket lying across defendant's feet. The officer took the jacket and felt a .25-caliber automatic pistol in the pocket. Defendant was then placed under arrest. A ballistics examination later revealed that that gun matched the bullet retrieved from the scene of the Trak Auto robbery. Additionally at trial, two eyewitnesses testified that they had positively identified defendant in two separate lineups as the gunman. Another eyewitness, who was shot in the neck, tentatively identified defendant as the shooter. Three witnesses had positively identified Anderson as the other offender.

On direct appeal, defendant argued that the trial court erred in denying his motion to quash arrest and suppress evidence because the search violated his fourth amendment rights, his alibi witness was improperly impeached, the prosecutor's remarks in closing argument denied defendant a fair trial, and the trial court erred in sentencing him to 55 years' imprisonment. This court rejected these arguments and affirmed his convictions and sentences. People v. Allen, No. 1-91-2071 (July 12, 1994) (unpublished order under Supreme Court Rule 23). This court further found that the jury "had sufficient evidence from which to conclude that defendant was the gunman during the robbery of the Trak Auto store." Allen, slip op. at 12. The supreme court

2

denied his petition for leave to appeal. People v. Allen, 157 Ill. 2d 506, 642 N.E.2d 1286 (1994).

Following a jury trial in case number 90 CR 11987, defendant was convicted of two counts of armed robbery in the April 8, 1990 robbery of a drug store (the drug store robbery). Defendant was sentenced to a term of 40 years, to be served consecutively to his 55-year sentence from the Trak Auto robbery. At the motion to suppress, evidence was again presented that defendant and Anderson had been stopped while driving a stolen vehicle and that defendant was arrested when police discovered a revolver in a jacket at defendant's feet. Defendant denied ownership of the jacket and gun and claimed that he was unaware of the jacket's presence in the backseat until it was discovered by the officer. The court denied defendant's motion to suppress. At trial, an eyewitness testified that he had identified defendant and Anderson in a lineup as the perpetrators of the drug store robbery. The witness testified that Anderson stepped behind the counter and pointed a gun at him while defendant stood at the door. Anderson removed money from the register while defendant handcuffed the witness. Defendant was also armed with a handgun. Defendant then handcuffed and locked several employees in a storage room. The witness identified the gun recovered from defendant's feet as resembling the gun used in this robbery. A customer in the drug store also identified defendant and Anderson as the robbers.

In that direct appeal, defendant argued that he was arrested in violation of his fourth amendment rights where the police conducted a search for weapons without probable cause during the traffic stop, the trial court abused its discretion in denying him

a continuance to locate an alibi witness, defendant's rights were violated when the jury read police reports not in evidence, even though defendant refused the trial court's offer of a mistrial, and consecutive sentences were imposed without the necessary statutory finding that defendant represented a danger to the public. This court rejected defendant's contentions and affirmed. People v. Allen, 268 Ill. App. 3d 279, 645 N.E.2d 263 (1994). The supreme court denied defendant's petition for leave to appeal. People v. Allen, 161 Ill. 2d 530, 649 N.E.2d 419 (1995).

In case number 90 CR 11981, defendant was convicted by a jury of armed robbery in the April 17, 1990 armed robbery of a jewelry store (the jewelry store robbery). He was sentenced to 30 years' imprisonment to be served consecutively to his earlier sentences for the Trak Auto and drug store robberies. At trial, the evidence established that defendant and two unidentified men entered a jewelry store and one of the men pointed a gun at the owner's head. Defendant and the third man also pulled guns and held them to the owner's back while they removed his wallet. When defendant discovered an employee on the telephone in the office, defendant pointed a gun at that employee's head and told him to hang up the phone. The men handcuffed the owner and two employees and locked them in the back room while they stole jewelry and cash. Defendant returned to the back room, pointed his gun at the owner and threatened to kill him if he did not reveal the location of the money. Evidence was again presented of defendant's arrest in the stolen car and of the gun found in the jacket at defendant's feet. An employee identified this gun as the gun defendant used in this robbery. A search of that stolen car also revealed a cosmetic case filled with jewelry.

4

All three jewelry store employees identified defendant as one of the robbers from lineups conducted two days after the robbery.

In that direct appeal, defendant argued that his motion to quash arrest and suppress the gun was improperly denied, the consecutive sentences imposed were improper because the record did not adequately reflect a belief by the court that consecutive sentences are necessary for the protection of the public, and his sentence must be reduced to 25 years because the aggregate of the consecutive sentences imposed exceeded the sum of the maximum extended terms authorized for the two most serious felonies. This court rejected defendant's challenges to his conviction and affirmed the imposition of consecutive sentences, but reduced his sentence to 25 years' imprisonment. People v. Allen, 268 Ill. App. 3d 947, 645 N.E.2d 270 (1994). The supreme court denied defendant's petition for leave to appeal. People v. Allen, 161 Ill. 2d 530, 649 N.E.2d 419 (1995).

In 1995, defendant filed a *pro se* post-conviction petition attacking only the Trak Auto robbery case, alleging *inter alia*, that the jacket containing the gun was never proven to belong to defendant. The trial court dismissed this petition as frivolous and without merit. On direct appeal, defendant's counsel filed a motion to withdraw from the case, stating that there were no arguable bases for collateral relief. This court granted the motion and affirmed the summary dismissal of defendant's post-conviction petition. People v. Allen, No. 1-95-2276 (February 27, 1996) (unpublished order under Supreme Court Rule 23).

On December 17, 2003, defendant filed a *pro se* petition entitled "Petition for

Relief from Judgement" pursuant to section 2-1401 of the Code in all three of his

criminal cases. The petition alleged that (1) his consecutive, extended-term sentences

violated Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348

(2000); (2) the denial of his motion to quash his arrest and suppress the gun was

erroneous because there was no basis to believe that he was armed and dangerous;

and (3) he was entitled to DNA and forensic testing which was unavailable at the time of

his trials in light of newly discovered evidence that codefendant Anderson, in a

statement to police, implicated a person other than defendant in the Trak Auto robbery.

In January 2004, the trial court summarily denied defendant's petition. This court

then accepted defendant's late notice of appeal.

Defendant first argues that the trial court treated his section 2-1401 petition as a

post-conviction petition and improperly failed to address all of its allegations. However,

the record contains no evidence that the trial court considered his petition as a post-

conviction petition. Rather, the trial court's statement that defendant's "*pro se* motion

for what he calls relief of judgment is denied" demonstrates that it treated defendant's

pleading as a section 2-1401 petition. Accordingly, we reject defendant's argument and

find that the trial court properly considered defendant's pleading as a section 2-1401

petition.

Defendant next contends that the trial court committed reversible error by

summarily dismissing his section 2-1401 petition. Specifically, defendant argues that

summary dismissal is not authorized under section 2-1401, and that even if summary

dismissal is allowed, the dismissal of his petition was not harmless where it presented a

1-04-1090

meritorious issue.

We recognize a split among the districts of this appellate court as to whether the circuit court has the authority to summarily dismiss a section 2-1401 petition.[1] The Fourth District has held that the trial court has the inherent authority to summarily dismiss a section 2-1401 petition if it finds that the petition is frivolous and without merit. See, *e.g.*, <u>People v. Ryburn</u>, 362 Ill. App. 3d 870, 877, 841 N.E.2d 1013, 1018 (4th Dist. 2005); <u>People v. Bramlett</u>, 347 Ill. App. 3d 468, 472-73, 806 N.E.2d 1251, 1254-55 (4th Dist. 2004). The Second and Third Districts have held that a circuit court commits reversible error by dismissing a section 2-1401 petition without giving the defendant notice and an opportunity to respond to the circuit court's action and that the appellate court cannot look beyond this error to assess the merits of the petition. See, *e.g.*, <u>People v. Coleman</u>, 358 Ill. App. 3d 1063, 1066-71, 835 N.E.2d 387, 390-94 (3d Dist. 2005); <u>People v. Mescall</u>, 347 Ill. App. 3d 995, 1000-01, 808 N.E.2d 1101, 1106-07 (2d Dist. 2004); <u>People v. Pearson</u>, 345 Ill. App. 3d 191, 193-95, 802 N.E.2d 386, 388-89 (2d Dist. 2003), <u>aff'd on other grounds</u>, 216 Ill. 2d 58, 833 N.E.2d 827 (2005); <u>People v. Gaines</u>, 335 Ill. App.

---

[1] We note that this issue is currently pending before our supreme court. <u>People v. Vincent</u>, No. 1-04-1802 (September 27, 2005) (unpublished order under Supreme Court Rule 23), <u>appeal allowed</u>, 217 Ill. 2d 623 (2006).

3d 292, 295-97, 780 N.E.2d 822, 824-26 (2d Dist. 2002).

The First District has held that although the circuit court does not have the authority to summarily dismiss section 2-1401 petitions, harmless error analysis should apply to such dismissals. *People v. Dyches*, 355 Ill. App. 3d 225, 227-29, 824 N.E.2d 636, 638-39 (2005); *People v. Anderson*, 352 Ill. App. 3d 934, 939-48, 817 N.E.2d 1000, 1005-11 (2004). See also *People v. Schrader*, 353 Ill. App. 3d 684, 686-88, 820 N.E.2d 489, 493-94 (2004). *Anderson* delineated three reasons supporting its holding prohibiting the use of the summary dismissal procedure outside of the Post-Conviction Hearing Act (the Act) (725 ILCS 5 122-1 et seq. (West 2004)), including that it was unfair for a defendant, when faced with the proposed dismissal of his section 2-1401 petition, to be deprived of notice and an opportunity to respond, and that the legislature expressly provided for the summary dismissal of post-conviction petitions in the Act, but did not do so in section 2-1401. *Anderson*, 352 Ill. App. 3d at 942-46, 817 N.E.2d at 1006-10. Although the *Anderson* court held that the circuit court erred in summarily dismissing the defendant's section 2-1401 petition, it concluded that a harmless error analysis should apply where the defects in the petition are patently incurable. *Anderson*, 352 Ill. App. 3d at 946-47, 817 N.E.2d at 1010. In so holding, the *Anderson* court relied on *People v. Taylor*, 349 Ill. App. 3d 718, 812 N.E.2d 581 (2004), wherein this court held that regardless of whether the trial court had the authority to summarily dismiss a section 2-1401 petition, the appellate court could look beyond any alleged procedural defect where the defendant's petition raised a pure question of law, was frivolous and completely without merit, and no prejudice resulted from the trial court's dismissal. *Taylor*, 352 Ill. App. 3d at 720, 812 N.E.2d at 583. The *Anderson* and *Taylor* courts further reasoned that where the dismissal of the petition is inevitable and further proceedings in

the circuit court would have little remedial effect and only delay dismissal, the summary dismissal should be affirmed based on harmless error. *Anderson*, 352 Ill. App. 3d at 947-48, 817 N.E.2d at 1011 *Taylor*, 349 Ill. App. 3d at 721, 812 N.E.2d at 584. Although summary dismissal procedures may deprive a litigant of a legitimate opportunity to correct curable defects found in his pleadings, harmless error analysis should still be applied where the defects are patently incurable. *Anderson*, 352 Ill. App. 3d at 947, 817 N.E.2d at 1010.

We agree with *Anderson* that summary dismissal should not be incorporated into section 2-1401. Further, we agree with *Anderson* and *Taylor* that harmless error analysis should be applied to the trial court's summary dismissal of a section 2-1401 petition where the defects are patently incurable.

In this case, applying the harmless error analysis, we similarly find that defendant's section 2-1401 petition was frivolous and without merit and that defendant was not prejudiced by its dismissal. On appeal, defendant argues that his petition raised a single issue of merit. This issue is contained within a section of his 32-page petition where defendant attacks the police officers' search of his jacket during the traffic stop and alleges that his search and the seizure of the gun was unconstitutional. His two-sentence claim states in pertinent part:

> "The petitioner has a right under Due Process of the United States Constitution to have a forensic testing to prove his innocense [*sic*] and that the D.N.A. [*sic*] and forensic testing was unavailable at the time of trial and rendered the trial fundamentally unfair which violated the petitioner's fourteenth Amendment rights, and Due process of the U.S.

9

> Constitution. [Citations.] Under newly discovered evidence, petitioner request[s] the Court to consider the fact that Anderson, co-defendant of petitioner [pled] guilty to first degree murder under indictment number CR 90 11979 which involved that particular weapon which was found in the car that Anderson had total possession of; and gave a statement to the police officers alleging and implicating an offender other than the petitioner in the [T]rak Auto occurrence."

There is no affidavit from Anderson attached to the petition and no other documents supporting defendant's claim that Anderson made such a statement to police. The trial court construed these sentences as an argument that defendant wanted DNA testing on the gun and jacket. Defense counsel on appeal acknowledges that with these sentences, defendant is arguing "that he was entitled to forensic testing, particularly in light of the newly discovered evidence of a statement made by his co-defendant to the police implicating a different offender other than" defendant.

This DNA issue is without merit and patently incurable. Defendant seems to be asking for DNA testing based on Anderson's statement to police in only the Trak Auto robbery case. There is no evidence in either the trial court record or the appellate court decision in the Trak Auto robbery case that there was any blood, saliva or other genetic material on the gun or jacket which could be subject to DNA testing. Further, there is no evidence in either the drug store robbery or the jewelry store robbery cases that any DNA existed. Thus, defendant's claim for DNA testing in light of Anderson's statement

1-04-1090

is without merit.

Moreover, even if the gun could have been tested for the presence of DNA and even if such testing revealed that defendant's DNA was not present, such evidence would not exonerate him. The absence of defendant's DNA on the gun would not conclusively establish that he did not handle the gun or that he did not commit the Trak Auto robbery. Further, such DNA evidence would have had no effect at the motion to suppress the weapon because it would not have proved that the weapon or the jacket was not his when he had constructive possession of both items. Additionally, the evidence presented at trial established that defendant was involved in this robbery as the shooter. Two eyewitnesses positively identified defendant in two separate lineups as the gunman. Another eyewitness, who was shot in the neck, tentatively identified defendant as shooter. Even if defendant's DNA was not on this gun, this fact would not have negated or detracted from the credibility of these eyewitnesses. Further, this court found on direct appeal that the jury "had sufficient evidence from which to conclude that defendant was the gunman during the robbery of the Trak Auto store." Allen, slip op. at 12. Therefore, this issue in defendant's section 2-1401 petition is without merit and defendant has not been prejudiced by its dismissal.

Further, even if defendant's two-sentence issue could be construed to be solely a claim of newly discovered evidence that Anderson made a statement to police, when he pled guilty to a 1990 murder charge, that defendant was not at the Trak Auto robbery, this claim is contradicted by defendant's petition itself, which he verified by an affidavit. In the section 2-1401 petition, defendant states that during the armed robberies, he "acted at the direction of his co-defendant

11

[Anderson], who instigated the offense[s], rather than being the leader." In this statement, although in the context of a sentencing argument, defendant admits to being involved in all the armed robberies with Anderson, including the Trak Auto robbery. Therefore, defendant's allegation of alleged newly discovered evidence in the form of Anderson's statement is meritless.

Accordingly, any procedural error committed by the trial court in summarily dismissing defendant's section 2-1401 petition was harmless. For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

HOFFMAN, P.J., and ERICKSON, J., concur.